Marvin H. SCHAURER, Petitioner,

v.

Philip COOMBE, Jr., Superintendent, Eastern Correctional Facility, Respondent,

and

Donald O. Chesworth, Intervenor.

No. CIV–80–977T.

United States District Court, W.D. New York.

Nov. 18, 1985.

Marvin Howard Schaurer, pro se.

Patrick O. McCormack, Asst. Atty. Gen., Buffalo, N.Y., Melvin Bressler, Asst. Dist. Atty., Rochester, N.Y., for respondent.

## DECISION and ORDER

TELESCA, District Judge.

## BACKGROUND

Petitioner, Marvin Howard Schaurer, commenced this proceeding by filing a peti-tion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 16, 1980. In my decision and order dated and filed October 25, 1985, I accepted the recommen-dation of Magistrate David Larimer that the petition be dismissed. Final judgment was entered by the Court on October 28, 1985.

On November 12, 1985, Schaurer filed with this Court his notice of appeal from the final judgment and order, well within the 30 days allowed under Fed.R.App.P. 4(a)(1). In accordance with Fed.R.App.P. 3(d), the Clerk of this Court promptly for-warded a copy of the notice of appeal and of the docket entries to the Clerk of the Second Circuit Court of Appeals.

On the following day, November 13, 1985, petitioner filed with this Court a no-tice of "motion for reargument and/or for a certificate of probable cause", which was accompanied by a substantial legal memo-randum urging this Court to reconsider the dismissal of Schaurer's petition. The issue presented by this case therefore concerns the jurisdictional consequences of a motion for reargument filed by a habeas corpus petitioner after the filing of his notice of appeal.

## DISCUSSION

### I.

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Acade-my of Orthopaedic Surgeons*, — U.S. —, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274, *rehearing denied*, — U.S. —, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985). An important exception to this rule was expressly codi-fied in the 1979 amendments to Fed.R.App. Pro. 4(a)(4) which gave District Courts "ex-press authority to entertain a timely motion to alter or amend the judgment under [Fed. R.Civ.P.] 59, even after a notice of appeal had been filed". *Griggs v. Provident Con-*

*sumer Discount Company*, 459 U.S. 56, 59, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). The new Rule 4 states that, if a timely motion is filed by any party under Rule 59 to alter or amend the judgment, a notice of appeal filed before the disposition of the motion "shall have no effect". In the words of the Supreme Court, the notice of appeal becomes "a nullity", and "it is as if no notice of appeal were filed at all". *Griggs, supra,* 459 U.S. at 61, 103 S.Ct. at 403.

"It is undisputed that Fed.Rule App. Proc. 4(a) is applicable to habeas corpus proceedings[,]" *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 265 n. 9, 98 S.Ct. 556, 561 n. 9, 54 L.Ed.2d 521 *rehearing denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978), as are the provisions of Fed.R.Civ.P. 59 on motions for reconsideration, *Id.,* at 271, 98 S.Ct. at 564. There is also no question that Rule 4 is applicable in cases, such as this one, where the notice of appeal was filed prior to a timely post-trial motion under Rule 59. Notes of Advisory Committee on Appellate Rules, 28 U.S.C.A. following Rule 4. The United States Supreme Court has quoted with approval the description of Professor James Moore of the post-1979 effect of a Rule 59 motion on a previously filed notice of appeal: "The appeal simply self-destructs." *Griggs, supra,* 459 U.S. at 61, 103 S.Ct. at 403, citing 9 *Moore's Federal Practice* ¶ 204.12[1] at 4–65 n. 17 (2d Edition 1982).

■ Since the purpose of Appellate Rule 4 is "to prevent unnecessary appellate review" of a question which can be settled by the District Court on a timely motion to amend the judgment, *Griggs,* 459 U.S. at 59, 103 S.Ct. at 403, the rule applies to a motion filed "by any party", Fed.R.App.P. 4(a)(4), and is therefore applicable even in cases, such as this one, where the Rule 59 motion to amend the judgment is filed by the same party who had previously filed a notice of appeal. *Bordallo v. Reyes,* 763 F.2d 1098, 1101 (9th Cir.1985); *Venen v. Sweet,* 758 F.2d 117, 122 at n. 6 (3rd Cir. 1985).

The jurisdictional question in this case, therefore, turns on whether Schaurer's motion for "reargument" should be construed as a motion brought under Rule 59(e) to alter or amend the judgment, and whether the motion was timely filed under that Rule.

■ It is clear that Schaurer's motion for reargument must be construed as a Rule 59(e) motion to alter or amend the judgment in this case. Although Schaurer does not label his motion for reargument as one brought under Rule 59, nor any other specific provision of the Federal Rules of Civil Procedure, the relief he requests is a reversal of the judgment entered in this action. (Petitioner's affirmation at 17.) "Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label." 9 *Moore's Federal Practice* ¶ 204.12[1], at 4–67 (1985). *Accord, Fischer v. United States Department of Justice,* 759 F.2d 461, 464 (5th Cir.1985); *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 41 (2d Cir.1982). Accordingly, it is well settled that a motion labeled only as a motion to reconsider or to "reargue" will be treated as a Rule 59 motion to alter or amend the judgment, and will nullify any notice of appeal filed before disposition of the motion. 9 *Moore's Federal Practice* ¶ 204.12[1], at 4–67 (1985); *Venen v. Sweet, supra,* 758 F.2d at 122; *Griggs, supra,* 459 U.S. at 68, 103 S.Ct. at 407 (Marshall, J., dissenting opinion). *See also, Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), *rehearing denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978).

■ Nor can there be any doubt that Schaurer's motion for reargument was timely under Rule 59, which requires him to serve the motion not later than ten (10) days after entry of the judgment. Final judgment dismissing Schaurer's petition was entered October 28, 1985. Thus, excluding weekends and Veterans Day, Fed.R.Civ.P. 6(a), Schaurer was required to serve his Rule 59 motion not later than November 12, 1985. Schaurer did so by

mailing his motion for reargument to this Court on November 6, 1985; "Service by mail is complete upon mailing". Fed.R. Civ.P. 5(b).[1]

## II.

■ Since Schaurer filed a timely motion under Rule 59 to alter or amend the judgment on his petition, this Court is not stripped of jurisdiction by the prior filing of his notice of appeal. On the contrary, for the reasons stated above, the timely filing of Schaurer's Rule 59 motion rendered his prior notice of appeal "a nullity", and removed jurisdiction over this case from the Court of Appeals under Fed.R.App.Pro. 4 until the filing of a new notice of appeal after my decision on the motion for reargument. *Griggs, supra,* 459 U.S. at 61, 103 S.Ct. at 403.

I have carefully reviewed the legal arguments advanced by Schaurer in his motion for reargument, and conclude that they present no reason whatsoever to amend or alter my earlier decision and judgment in this case. The arguments raised by Schaurer on the instant motion are the same ones which have already been considered and rejected by the courts of New York State, Magistrate Larimer, and by this Court. Schaurer's Rule 59 motion adds nothing new to his original argument other than a collection of unfounded and unimaginative attacks on the integrity of the Honorable David Larimer, and the motion to amend or alter my previous judgment is denied in all respects.

## III.

■ The only remaining issue in this case concerns the status of the notice of appeal which was transmitted to the Court of Appeals in accordance with Rule 3(d). Although the Federal Rules of Appellate Procedure do not expressly provide for the proper course of action in this situation, it

has been recommended that arrangements be made with the Clerk of the District Court to give the Court of Appeals notice when, as here, a notice of appeal has been nullified under Federal Rules of Appellate Procedure 4(a)(4) by the filing of a subsequent motion under Fed.R.Civ.P. 59(e). 9 *Moore's Federal Practice* ¶ 204.12[1], at p. 4–65 (1985). I agree, and shall direct the Clerk of this Court to provide such notification to the Second Circuit Court of Appeals.

## CONCLUSION

Petitioner's motion for reargument, construed as a motion to alter or amend the judgment dismissing his petition under Rule 59(e), is denied. Petitioner's request for reconsideration of my original denial of a certificate of probable cause is also denied.

Pursuant to Federal Rules of Appellate Procedure 4(a)(4), the notice of appeal filed by petitioner with this Court on November 12, 1985, prior to the filing of his Rule 59 motion, has no effect. The Clerk of the Court is directed to proceed in this case in all respects as if no notice of appeal had been filed at all. The Clerk shall send a copy of this decision and order to the Clerk of the United States Court of Appeals for the Second Circuit, along with notification that the notice of appeal originally filed by petitioner in this case has been nullified under Rule 4(a)(4) of the Federal Rules of Appellate Procedure.

Pursuant to Fed.R.App.Pro. 4, petitioner must file a new notice of appeal within thirty (30) days of the date of this order if he desires to take an appeal from the judgment in this case. The notice of appeal may be filed with the Clerk of the United States District Court, United States Courthouse, Buffalo, New York 14202. No additional fees shall be required for such filing. Fed.R.App.Pro. 4(a)(4). Permission to appeal *in forma pauperis* is denied in all

---

1. This Court has no reason to doubt, nor any way to verify, the statement in Schaurer's affirmation of service by mail that he mailed his notice of motion on November 6, 1985. That matter is of no consequence, however, since

Schaurer's motion was received and filed with this Court by 10:07 A.M. on November 13, 1985. Thus there can be no doubt that it was mailed, and hence served, not later than November 12, 1985, as required under Fed.R.Civ.P. 6 and 59.

other respects, and any further requests for permission to appeal *in forma pauperis* shall be made in accordance with the guidelines provided to petitioner in my decision and order of October 25, 1985.

ALL OF THE ABOVE IS SO OR-DERED.

