809 F.2d 170
 6 Fed.R.Serv.3d 762
 Helen J. RADOS, as Administratrix of the Goods, Chattels and
Credits which were of Stanley A. Rados, Deceased,
and Helen J. Rados, Individually,
Plaintiff-Appellant,
v.
The CELOTEX CORPORATION, Johns-Manville Sales Corporation,
Unarco Industries, Inc., Armstrong Cork Company
and Nicolet Industries, Defendants-Appellees.
 No. 351, Docket 86-7477.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 21, 1986.
Decided Nov. 21, 1986.
Opinion Jan. 12, 1987.
 
 Richard P. Weisbeck, Jr., Buffalo, N.Y. (Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., of counsel), for plaintiff-appellant.
 Roy Babbit, New York City (Anderson Russell Kill & Olick, P.C., Marcy L. Kahn and Eugene Killian, Jr., New York City, of counsel), for defendants-appellees The Celotex Corporation and Armstrong Cork Company.
 Andrew Feldman, Damon & Morey, Buffalo, N.Y., of counsel, for defendant-appellee Nicolet Industries.
 Before TIMBERS, VAN GRAAFEILAND and PIERCE, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Helen J. Rados appeals from a judgment of the United States District Court for the Western District of New York (Curtin, C.J.), dismissing her wrongful death action pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Although the jurisdiction of this Court was not challenged by any of the parties, we raised the question of jurisdiction sua sponte at oral argument. See Matarese v. LeFevre, 801 F.2d 98, 104 (2d Cir.1986). After hearing argument, we dismissed the appeal by summary order, indicating that this opinion would follow.
 
 
 2
 Following Chief Judge Curtin's order of dismissal, judgment was entered by the Clerk of the District Court on May 15, 1986. On May 29, 1986, Rados moved for reconsideration pursuant to Fed.R.Civ.P. 60(b). Before Judge Curtin decided that motion, Rados filed a notice of appeal. Since that time, Judge Curtin has requested and obtained additional briefs from the parties on the issue of whether a sanction less severe than dismissal might have been more appropriate. That matter is still under advisement by the district judge.
 
 
 3
 Excluding weekends and Memorial Day, see Fed.R.Civ.P. 6(a), appellant's motion for reconsideration was served within the ten-day period allowed for a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e). Since the motion was served within ten days of the judgment and placed the correctness of the judgment in question, it was the functional equivalent of a motion to amend under Fed.R.Civ.P. 59(e), and should be treated as if it were a 59(e) motion for purposes of determining appellate jurisdiction. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir.1982); Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986); Skagerberg v. State of Oklahoma, 797 F.2d 881 (10th Cir.1986) (per curiam); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-70 (5th Cir.) (en banc), cert. denied, --- U.S. ----, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); Schaurer v. Coombe, 108 F.R.D. 180, 182 (W.D.N.Y.1985); 9 Moore's Federal Practice p 204.12, at 4-67 (1985). Because Rados' motion, construed as a Rule 59(e) motion to amend, has not yet been decided by the district court, her notice of appeal filed during the pendency of the motion was a nullity under Fed.R.App.P. 4(a)(4), and did not confer jurisdiction on this Court. Acosta v. Louisiana Dep't of Health & Human Resources, --- U.S. ----, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986) (per curiam); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam).
 
 
 4
 It was for the above reasons that we dismissed this appeal in our summary order of November 21, 1986. If the motion now pending in the district court ultimately is denied, Rados may, of course, file a new notice of appeal.