873 F.2d 626
 13 Fed.R.Serv.3d 1471
 Obadiah FISHER, Plaintiff-Appellant,
v.
Susan KLEIN, James Benedetto, Columbia Jewelry Contractors,
Inc., Columbia Originals, Inc., Ronald Litoff, Ronald
Litoff, Inc., Alexander Kush, A. Kush & Associates, Limited,
American Express Company, American Express Travel Related
Services Co., Inc., "John Doe" (Fictitious name), and "John
Doe, Inc." (Fictitious name), Defendants-Appellees.
 No. 863, Docket 88-9026.
 United States Court of Appeals,
Second Circuit.
 Argued March 16, 1989.
Decided April 25, 1989.
 
 John R. Tobiason, New York City, for plaintiff-appellant.
 Wayne C. Matus, New York City (Janis G. White, Christy & Viener, New York City, of counsel), for defendants-appellees, American Express Co. and American Express Travel Related Services Co.
 Edward A. Meilman, New York City (Ostrolenk, Faber, Gerb & Soffen, New York City, Andrew W. Brainerd, Scott Brainerd, Brainerd & Bridges, Chicago, Ill., of counsel), for defendants-appellees, Susan Klein, Alexander Kush, and A. Kush & Associates, Ltd.
 Joel S. Kaplan, Garden City, N.Y., for defendants-appellees, James Benedetto, Columbia Jewelry Contractors, Inc., Columbia Originals, Inc., Ronald Litoff, and Ronald Litoff, Inc.
 Before MESKILL, MINER and MAHONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Judgment was entered on November 3, 1988 in the United States District Court for the Southern District of New York denying plaintiff Obadiah Fisher's request for a declaratory judgment. Fisher had asked that the district court determine whether a copyright to a pendant he designed had been infringed by defendants. The district court dismissed the action on the ground of res judicata.
 
 
 2
 We dismiss the appeal for lack of jurisdiction.
 
 
 3
 By notice of motion dated November 9 and filed November 14, 1988, defendants Alexander Kush, A. Kush & Associates, Ltd. and Susan Klein requested that the court amend the judgment, pursuant to Fed.R.Civ.P. 59(e), to include an award of sanctions against plaintiff in their favor. The judgment had already awarded sanctions in favor of the other defendants. Subsequently, on November 30, 1988, Fisher filed a notice of appeal from the November 3 judgment. Judge MacMahon acted on defendants' motion to alter or amend the judgment on December 21, 1988, amending the November 3 judgment to award sanctions to Kush and A. Kush & Associates, Ltd., but not to Klein.
 
 
 4
 Rule 59(e) allows any party to file a motion in the district court to alter or amend a judgment entered in a civil action. Defendants' motion was properly filed in this case. See Fed.R.Civ.P. 6(a), 59(e). By virtue of Fed.R.App.P. 4(a)(4), however, such a motion abrogates any notice of appeal filed before the motion is decided. Rule 4(a)(4) states, in pertinent part:
 
 
 5
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party:
 
 
 6
 ... (iii) under Rule 59 to alter or amend the judgment ... [, a] notice of appeal filed before the disposition of ... the ... motion[ ] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion.
 
 
 7
 Clearly, a notice of appeal filed after a motion is made to alter or amend a judgment, and before the district court acts on that motion, is ineffective and does not confer jurisdiction upon the Court of Appeals. See Osterneck v. Ernst & Whinney, --- U.S. ----, 109 S.Ct. 987, 997, 103 L.Ed.2d 146 (1989); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61, 103 S.Ct. 400, 403-04, 74 L.Ed.2d 225 (1982) (per curiam); Rados v. Celotex Corp., 809 F.2d 170, 171-72 (2d Cir.1986).
 
 
 8
 Because the notice of appeal in this case was filed on November 30, 1988, twenty-one days before the district court's disposition of defendants' Rule 59(e) motion, and because a second, timely notice of appeal was never filed, we lack jurisdiction to consider this appeal.
 
 
 9
 Appeal dismissed.