940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry WASHPUN, Jr., Plaintiff-Appellant,
v.
Dan MASCHO, Work Camp Supervisor, Camp Muskegon, Lawrence L.
Kern, Park Manager, Van Buren State Park, Joy M. Pascall,
Deputy Warden, Camp Muskegon, J. Farley, Lieutenant, Camp
Muskegon, Defendants-Appellees.
 No. 91-1098.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 1
 Before BOGGS, Circuit Judge, LIVELY, Senior Circuit Judge, and CLELAND, District Judge*.
 
 ORDER
 
 2
 Larry Washpun, Jr., appeals the dismissal of his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The district court dismissed the complaint by judgment entered December 21, 1990. The plaintiff then served a Motion for Reconsideration or Alternative Motion for Enlargement of Time to File Notice of Appeal, with proof of service on January 8, 1991. Upon review of the record, this court concludes that it lacks jurisdiction to consider this appeal.
 
 
 3
 The Motion for Reconsideration is analogous to a Fed. R.Civ.P. 59(e) motion to alter or amend, and when served within ten days of entry of judgment, is properly construed as a time-tolling motion. Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74 (1989); Moody v. Pepsi-Cola Metropolitan Bottling Co., 915 F.2d 201, 206 (6th Cir.1990); Kennedy v. City of Cleveland, 797 F.2d 297, 304-05 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987). In this case, the Motion for Reconsideration was timely filed within the ten-day period, as Fed.R.Civ.P. 6(a) requires that intervening Saturdays, Sundays, and legal holidays be excluded from the computation. York v. Tate, 858 F.2d 322, 325 n. 1 (6th Cir.1988) (per curiam), cert. denied, 490 U.S. 1049 (1989). Therefore, the motion to reconsider tolled the time in which to file the notice of appeal.
 
 
 4
 At the same time Washpun filed his motion to reconsider, he filed a motion for an enlargement of time to file a notice of appeal. The district court forwarded that motion to this court as a notice of appeal.
 
 
 5
 However, as a notice of appeal, the document was filed before the district court's disposition of the time-tolling motion, and, therefore, had "no effect" under Fed.R.App.P. 4(a)(4). Washpun was required to file a new appeal after the district court denied the motion for reconsideration.
 
 
 6
 We cannot excuse the failure to file a new notice of appeal, because neither the district court nor this court affirmatively represented to Washpun that his Motion for Enlargement of Time was a valid notice of appeal. Moreover, Washpun never sought assurance from any court or judicial officer that, after the district court's final disposition of Washpun's simultaneous motions, an appeal to this court was still pending. Osterneck, 489 U.S. at 178; Birrell v. Brown, 867 F.2d 956, 957 (6th Cir.1989). Because no new notice of appeal was filed after the denial of the Rule 59 motion by the district court, this court lacks jurisdiction in this case. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam); Fisher v. Klein, 873 F.2d 626, 627 (2d Cir.1989).
 
 
 7
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation