940 F.2d 678
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ABOUND CORPORATION, Alder Corporation Antelope Park
Partnership, Brisk Corporation, Buskin Corporation, Kathy A.
Callahan, Clew Corporation, Doxy Corporation, Echo
Corporation, Eider Corporation, Forge Corporation, Gerent
Corporation, Hilar Corporation, Hostetler, Inc., Larry
Hostetler, Isobar Corporation, Jupon Corporation, Mockelmann
Farms Partnership, Henry A. Mockelmann, III, Henry A.
Mockelmann, Jr. and Joy P. Smith, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5024.
 United States Court of Appeals, Federal Circuit.
 July 30, 1991.
 
 Before ARCHER, MAYER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The June 22, 1990, judgment of the Claims Court in No. 739-88C dismissing Abound's complaint, and its October 11, 1990, order denying reconsideration are affirmed.
 
 OPINION
 
 2
 Abound timely filed its motion for reconsideration of the June 22, 1990, order granting summary judgment to the government on which the judgment of dismissal was based on July 6, 1990, because Claims Court Rule 6(a) excludes intermediate Saturdays, Sundays and legal holidays when any rule allows less than eleven days for an action. See Wright v. Preferred Research, Inc., 891 F.2d 886, 890 (11th Cir.1990); Rados v. Celotex Corp., 809 F.2d 170, 171 (2d Cir.1986). Abound filed its motion for reconsideration on the fourteenth calendar day after the court's order and judgment, but five of those days, June 23, 24 and 30, and July 1 and 4 do not count. So Abound's July 6, 1990, motion was timely filed on the ninth day of the ten day period. Because the timely motion gave the Claims Court jurisdiction to reconsider its earlier order, Abound's notice of appeal was also timely and this court has jurisdiction.
 
 
 3
 On the merits, no issue of material fact precluded summary judgment and we affirm on the basis of the court's opinion.