John BOWERS, et al., Plaintiffs,

v.

ANDREW WEIR SHIPPING, LTD., et al., Defendants.

ANDREW WEIR SHIPPING, LTD., et al., Plaintiffs,

v.

NEW YORK SHIPPING ASSOCIATION– International Longshoreman's Association Pension Trust Fund, et al., Defendants.

Nos. 92 Civ. 3728 (PKL), 92 Civ. 3781 (PKL).

United States District Court, S.D. New York.

March 15, 1993.

Thomas A. Gleason, New York City, Maura R. Cahill, of counsel, for The NYSA–ILA Pension Trust Fund and The Board of Trustees.

Maddy, Dalton & Lion, New York City, Walter H. Lion, of counsel, for Andrew Weir Shipping, Ltd., et al.

## OPINION AND ORDER

LEISURE, District Judge.

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). 29 U.S.C. §§ 1001–1461. On December 7, 1992, this Court issued an Opinion and Order, 810 F.Supp. 522, granting the motion of The New York Shipping Association–International Longshoreman's Associa-

tion Pension Trust Fund (the "Fund"), to confirm and enforce an arbitrator's award holding Andrew Weir Shipping, Ltd. ("Weir Shipping", formerly known as "Bank Line Limited") and South African Marine Corp., Ltd. ("Safmarine") liable for withdrawal obligations pursuant to 29 U.S.C. § 1381(a).[1] Judgment was entered on January 22, 1993. Weir Shipping and Safmarine now move the Court to alter or amend the Judgment in accordance with the provisions of Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the motion hereby is granted. Familiarity with the facts underlying this action is presumed.

 As an initial matter, this Court has jurisdiction to consider the Rule 59(e) motion despite the fact that it was filed subsequent to the filing of a notice of appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982); *Fisher v. Klein*, 873 F.2d 626 (2d Cir.1989); Fed.R.App.P. 4(a)(4) (a notice of appeal filed before disposition of a timely Rule 59 motion "shall have no effect"). A motion to amend a judgment pursuant to Rule 59(e) properly is granted where the movant demonstrates that the judgment is based upon manifest errors of law or fact. *See, e.g., Davidcraft Corp. v. Danu Int'l, Inc.*, 1992 WL 247035, *1, 1992 U.S. Dist. LEXIS 13845, *2–3 (S.D.N.Y. Sept. 15, 1992); *Wallace v. Brown*, 485 F.Supp. 77, 79 (S.D.N.Y. 1979).

The judgment entered by the Court in this action provided that

plaintiffs have judgment against and recover from Defendant South African Marine Corporation Ltd. withdrawal liability in the principal amount of $1,404,752 and have judgment and recover from Defendant Andrew Weir Shipping Ltd. withdrawal liability in the principal amount of $252,181 which Defendants shall satisfy by paying the NYSA–ILA Pension Trust Fund.

Weir Shipping and Safmarine argue that this judgment is erroneous to the extent that it includes judgment for a sum certain. First,

the defendants argue that plaintiff may not collect the full amount of withdrawal liability due as long as the defendants continue to make periodic payments as required by 29 U.S.C. § 1399 and the schedule calculated by the Fund. Second, defendants express concern that the judgment does not recognize that they have satisfied the duty imposed by 29 U.S.C. § 1399 during the pendency of this action by making periodic payments and that the sums listed in the Judgment are therefore overstated to the extent that payment has already been made. Finally, defendants are concerned that plaintiffs may attempt to execute upon the judgment in Great Britain or South Africa and that local courts in those countries might be confused or misled by the judgment as entered by the Court. *See* Defendants' Memorandum of Law, at 3–4; Affidavit of Walter H. Lion, Esq., dated February 5, 1993, ¶ 8.

Section 1399 provides that "[w]ithdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor." 29 U.S.C. § 1399(c)(2). Further, acceleration of the entire amount owed occurs only in the event of a default, in which case the plan sponsor "may require immediate payment of the outstanding amount of an employer's withdrawal liability." 29 U.S.C. § 1399(c)(5). An employer is in default if it fails to make a withdrawal payment when due and does not cure such a failure within sixty days after the plan sponsor gives the employer notice of the failure to make a required payment. 29 U.S.C. § 1399(c)(5)(A).

 It is undisputed that the defendants have continued to make payments in accordance with the schedule established by the Fund and that the defendants have not defaulted on the obligations imposed on them by the MPPAA. Thus, it is clear that the Fund is not entitled to the recovery of a sum certain at this juncture. Moreover, the arbitrator was without authority to render a judgment for a sum certain because the defendants continued to make installment pay-

---

1. In accordance with Rule 15 of the Local Rules for Division of Business Among District Judges, the action numbered 92 Civ. 3781 (PKL) was accepted by the Court as a related case. The parties agreed to consolidate the actions and file consecutively their respective motions for confirmation and vacatur.

6

ments on the withdrawal liability calculated by the Fund.

Accordingly, the Judgment shall be amended to indicate, in the manner of a declaratory judgment, that the defendants have incurred withdrawal liability to the Fund in the principal amounts of $1,404,752 for Safmarine and $252,181 for Weir Shipping and that such liability is payable in accordance with the schedules established by the Fund, which should be attached to the Judgment as exhibits. The Judgment should not state that "plaintiffs have judgment against and recover" any sum certain from the defendants. Plaintiffs may, of course, pursue any remedy available under the MPPAA in the event that the defendants default on their obligations under the Judgment, as amended. Until such a default occurs, however, the Fund must be satisfied with receiving payments on the defendants' withdrawal liability as they become due, pursuant to the schedule set by the Fund.

### CONCLUSION

For the foregoing reasons, the motion of defendants Andrew Weir Shipping, Ltd. and South African Marine Corp., Ltd. to amend or alter the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure hereby is granted. Plaintiff shall submit an amended judgment, consistent with this Opinion and Order, within thirty days.

**SO ORDERED.**