OPINION
EAKIN, Justice:
This is an appeal in a divorce action. Appellant Harold Monteau (husband) previously applied for an extraordinary writ which this court denied. We now find that we improvidently denied such a writ. We dismiss the appeal but sua sponte revive the petition for the extraordinary writ and grant a portion of the requested relief. We reinstate that portion of the decree that dissolved the marriage and further reinstate that portion of the decree which ordered the husband to pay child support to Laurel llene Monteau (wife), subject only to motion to modify by the wife.
FACTUAL AND PROCEDURAL BACKGROUND
Neither party is enrolled in the Confederated Salish and Kootenai Tribes but both *29 are enrolled elsewhere. The husband is a member of the Chippewa-Cree Tribe; the wife is enrolled in the Onondaga Tribe. The parties were married March 3, 2001 in Las Vegas, Nevada. The parties have one daughter from this marriage. During the marriage, the parties lived off reservation in Kalispell, Montana. After the separation, the husband moved to Poison, Montana, within the jurisdiction of the Tribes. The wife and child remained in Kalispell and then moved to Connecticut. The husband filed for divorce in the tribal court. Extensive efforts were made to obtain personal service on the wife. Personal service was attempted in Kalispell. New London, Connecticut and by certified mail. These efforts were unsuccessful. The husband sought and was granted leave to effect service by publication. The trial court ordered the summons to be published in New London Connecticut. The publication was made in the Char-Koosta News in Pablo. The wife’s default was entered on July 30, 2002. A decree dissolving the marriage and adopting the husband’s parenting plan was entered on September 9, 2002. It awarded the husband the equity in the house purchased prior to the marriage and awarded the wife $49,000 in the joint savings account. It also ordered the husband to pay $3000 per month in child support plus another $500 per month into a trust fund for the child.
The wife appeared in the action on October 21, 2002 and moved to dismiss for lack of jurisdiction. On December 18, 2002 the trial court granted the motion to dismiss on the grounds that publication had not occurred in New London as ordered and on the grounds that the husband had failed to state in the petition his consent to the court exercising personal jurisdiction over him for any counterclaims that might be made.
On January 23, 2003, the husband moved the court to reconsider its order dismissing the action. On February 14, 2003, the trial court denied the motion to reconsider. The husband filed his notice of appeal on March 3, 2003.
On April 11, 2003 the husband filed for an extraordinary writ on the grounds that counsel for the wife had at one time or was currently representing the trial judge. We denied the application on the grounds that the issue could be addressed on appeal. While the appeal progressed in this court, the wife filed a divorce action in Connecticut.
The wife moved to dismiss the appeal on the grounds that it was untimely. She argues that the order vacating the decree, December 18, 2002, was the order being appealed and that the March 3 notice of appeal was not then timely. We reserved the issue of timeliness of appeal for oral argument. The wife chose not to file a brief on the merits.
ISSUES
1. Is the appeal timely?
2. Did the trial court err in failing to disclose the prior attorney-client relationship with counsel for the wife?
3. Does the trial court have jurisdiction over a divorce action when one party is not subject to the court’s personal jurisdiction?
4. Did the trial court err in dismissing the action?
STANDARD OF REVIEW
The issue of timeliness of the appeal is an issue not raised below but is not one generally susceptible to factual dispute. We decide the question as a matter of law.
Whether a trial judge should disclose an attorney-client relationship with *30 counsel for a party is a question of law and is reviewed de novo. Whether such a relationship requires disqualification is, a question of fact that cannot be reviewed without a record on that issue but would be reviewed for an abuse of discretion.
DISCUSSION
I. Timeliness of the Appeal
Appeals must be filed within 20 business days of the entry of the final judgment. Rule 1, CSKT R.App. P. The appellant concedes that the notice of appeal was not filed within 20 working days of the December 18, 2002 order but argues the time starts to run anew from the denial of a motion to reconsider. He argues that such a motion can be made within “a reasonable time,” comparing it to a Rule 60 motion in a federal court. Because the husband’s “Rule 60 motion” would not extend the time to appeal, we do not decide if such time can be extended by a proper post judgment motion.
Historically, Rule 60 of the Federal Rules of Civil Procedure generally dealt with clerical errors or matters that were not known at trial, e.g. newly discovered evidence, fraud, etc. Rule 60 was not used to reargue points already addressed by the trial court. A motion to alter or amend a judgment made pursuant to Rule 59(e) Fed.R.Civ.P. was used to bring the trial court’s attention to a point of law or fact that was argued at trial but that the court overlooked or misinterpreted in its judgment. A proper Rule 59 motion would extend the time to file a notice of appeal; a Rule 60 motion would not. This led to considerable confusion, especially when counsel titled a motion as a “motion to reconsider” without identifying which rule was being invoked. Several circuits automatically treated a Rule 60 motion as a Rule 59 motion if were filed within the Rule 59 time frame. Finch v. City of Vernon, 845 F.2d 256 (11th Cir.1988); Rados v. Celotex Corp., 809 F.2d 170 (2d Cir.1986); Skagerberg v. Oklahoma, 797 F.2d 881 (10th Cir.1986). To correct this confusion, Rule 4 Fed. R.App. P. was amended to provided that the time to appeal will be extended by a motion for “relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.” Rule 4 Fed. R.App. P. (Emphasis supplied.) The husband’s motion to reconsider was not filed within that time. Assuming arguendo that the Tribes have incorporated Rule 59 and /or Rule 60 into the laws of the Tribes,[1] the motion was not timely. Since the motion was not timely, the notice of appeal had to be filed within 20 business days of December 18, 2002. It was not. We now grant the motion to dismiss the appeal.
II. The Writ of Review
We previously denied the husband’s petition for an extraordinary wit, holding that there was an adequate remedy on appeal. At the time we did so, the issue of timeliness of the appeal had not been raised and the wife argued foreefully that the issue could be addressed adequately on appeal. Since the appeal must be dismissed, the issues raised in the petition for the writ cannot be heard by appeal. The notice of appeal, even though untimely, has removed jurisdiction from the trial court. Thus the issue cannot be addressed on appeal nor addressed by the *31 trial court. The situation is one where there is no adequate remedy in the ordinary course of the law. Under the unique facts in this case,[2] it now appears that an extraordinary writ is the appropriate avenue to raise the issue of the trial judge’s attorney-client relationship with counsel.
III. The Trial Judge’s Attorney Client Relationship
The Council has incorporated the provisions of the American Bar Association Model Code of Judicial Conduct as the law of the Tribes. 1-2-202(7) CSKT Laws Codified. The model code discusses when a judge should disqualify himself. Canon 3E provides:
(1) A judge should disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party or a party’s lawyer, ...
The commentary to Canon 3E provides that the judge has the obligation to:
Disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification even if the judge believes there is no basis for disqualification. (Emphasis supplied.)
The substance of this commentary has been adopted as the law of the Tribes concerning disqualifications of Justices of this court. The Tribal Code provides:
A Justice shall disclose on the record information that the Justice believes the parties or their lawyers might consider relevant to the question of disqualification, even if the Justice believes there is no real basis for disqualification.
l-2-813(c) CSKT Laws Codified.
 With the express requirement of disclosure on the record for appellate justices, it is reasonable to assume the Council intended the same requirement for trial judges. As a matter of law, the trial judge should have disclosed any facts that might reasonably lead a litigant to question his impartiality. See, Porter v. Singletary, 49 F.3d 1483 (11th Cir.1995). The fact that counsel for the wife had been his personal lawyer, in an action which also involved child custody, is such a fact.
While a past relationship must be disclosed, it does not automatically require a judge to disqualify himself. As persuasively argued by the wife, and as we noted in this action when refusing to disqualify Justice Hall, in small communities attorneys will often have professional relationships with other community leaders. Those relationships do not automatically disqualify a judge or justice. See, Cheney v. United States District Court,, 541 U.S. 913, 124 S.Ct. 1391, 158 L.Ed.2d 225 (2004, Memorandum of Justice Scalia.) Whether a particular relationship will require disqualification will depend upon the extent of the relationship and how recent in time.[3] A decision not to disqualify is reviewed for an abuse of discretion. Hamid v. Price Waterhouse, 51 F.3d 1411, 1414 (9th Cir.1995). Since the relationship was not disclosed, we have no factual record to review and cannot determine whether discretion was appropriately exercised. We do note, *32 however, that other jurisdictions have held that an ongoing attorney client relationship at the time of the action requires disqualification. Berry v. Berry, 765 So. 2nd 855 (Fla.App. 5th Dist.2000).
While we place a burden on the court to inform litigants and counsel of facts that may lead to questions of partiality, the burden of disclosure does not fall upon the judge alone, but also lies with counsel who knows of those facts. Counsel has a professional obligation of fairness to the opposing party and counsel. This would include disclosure of representation of the trial judge, except to the extent that such representation is a client confidence, e.g. information privileged under Rule 1.6 of the Rules of Professional Conduct. Counsel is also required as an officer of the court to disclose prior representation of the trial judge. A judge will not always be able to remember every fact that should be disclosed. Judges, too, can be forgetful. See, Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, at 874, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Counsel for the wife indicated at oral argument that he routinely appears before judges whom he has previously represented or advised on other matters and makes appearances without disclosure to opposing parties. While that conduct may be acceptable in other jurisdictions, it is not to be permitted in the courts of this jurisdiction. Counsel too must disclose prior relationships with the judge.
We must next address what remedy this court can grant when we decide that facts of an attorney client relationship between wife’s counsel and the trial judge should have been disclosed. Canon 3E does not specify what remedy, if any, is required when disclosure was not made. The federal law equivalent to Canon 3E is 28 U.S.C. § 455. That statute is also silent as to a remedy when the facts are discovered after a judgment becomes final. The Supreme Court has allowed appellate courts to fashion an equitable remedy, noting:
A conclusion that a statutory violation occurred does not, however, end our inquiry. As in other areas of the law7, there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance. There need not be a draconian remedy for every violation of §§ 455(a). It would be equally wrong, however, to adopt an absolute prohibition against any relief in cases involving forgetful judges.
Liljeberg v. Health Servs. Acquisition Corp., supra at 873-874, 108 S.Ct. 2194.
While there is a certain simplicity to the remedy of reinstating the judgment in effect at the time the disclosure should have been made and allowing the wife’s motion to dismiss to be heard anew, that remedy serves neither party well. That remedy would require further proceedings in the trial court. Such proceedings are pointless if the court lacks jurisdiction as a matter of law. An appropriate remedy would be to leave in place those portions of the judge’s decree and subsequent order that should be the same even if disclosure had been made and to remand only those portions where there might be a difference in result.
IV. Dissolution of the Marriage
The husband, by living within the territorial jurisdiction of the Tribes, is subject to the jurisdiction of the tribal courts. The res of any divorce action, the marital status, follows each party. Thus, the res was within the jurisdiction of the Tribes when the husband moved to Poison. The trial court had jurisdiction to over the marriage even though the wife w'as not subject to the personal jurisdiction of the *33 court Sanders v. Robinson, 864 F.2d 630 (9th Cir., 1988), see also F. Cohen, Handbook of Federal Indian Law at 138 (1942 ed.)- The exercise of in rem jurisdiction is consistent with the directives of the Council that the court have jurisdiction over “[t]he ownership, use or possession of any property, or interest therein, situated within the Reservation.” 1—2—104(2)(B)(ii) CSKT Laws Codified.
The wife argues that the Tribes do not have any in rem jurisdiction because they have voluntarily limited the trial court’s jurisdiction to only those cases in which the court has personal jurisdiction over all parties, relying on 1-2-104(1) CSKT Laws Codified. That subsection provides:
The Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation, Montana, shall have jurisdiction of all suits wherein the parties are subject to the jurisdiction of this Court, and over all other suits which are brought before the court by stipulation of the parties not otherwise subject to Tribal jurisdiction.
While the wife’s interpretation of that subsection is one possible interpretation, it cannot be reconciled with the next subsection of the tribal code that provides:
To the fullest extent possible, not inconsistent with federal law, the Tribes may exercise their civil regulatory and adjudicatory powers. To the fullest extent possible, not inconsistent with federal law, the Tribal court may exercise subject matter and personal jurisdiction ....
1-2-104(2) CSKT Laws Codified.
We must reconcile these statements of policy by giving meaning to each subsection, including the subsection directing the exercise of jurisdiction to fullest extent possible consistent with federal law. In reconciling these subsections, we note that the first section did not require that the party be subject to the “personal” jurisdiction of the court, but only to the jurisdiction of the court. In proceeding in rem, a court can have jurisdiction to affect a person’s rights in property or status without having personal jurisdiction over the party. The requirement of 1-2-104(1) CSKT Laws Codified is the broader requirement that the court have jurisdiction to affect the person’s rights or status, not that the court have personal jurisdiction over the party. Accordingly, the trial court had jurisdiction to dissolve the marriage of the parties.
In an appeal of a divorce case, the appellate court will not disturb the dissolution of the marriage if that is not at issue. 40-4-108 Mont.Code Ann. as incorporated by 3-1-103(1) CSKT Laws Codified. The same principle should apply to post judgment motions in the trial court. Since the wife has not expressly challenged the dissolution of marriage and, in fact, sought such relief in another forum, the trial court should have left the dissolution portion of the decree in place even if it granted other portions of the wife’s motion to dismiss.
Y. Child Custody
The existence of in rem jurisdiction does not mean that the lack of personal jurisdiction over the wife and child is not a limiting factor. The trial court could only proceed in rem as to the wife and child. The exercise of custody jurisdiction would be inconsistent with the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A. With limited exceptions, not applicable here, federal law limits custody determination to the child’s home jurisdiction. When the child’s home is on reservation, a tribe will have exclusive jurisdiction. DeMent v. Oglala Sioux Tribal Court, 874 F.2d 510 (8th Cir.1989). If the reservation is not the child’s home, a tribal court lacks jurisdiction to make or modify a custody decree, In re Larch, 872 F.2d 66 (4th Cir.1989).
*34 In this ease, the child is not eligible for membership in the Confederated Salish and Kootenai Tribes and has never resided on the Flathead Reservation. The Reservation is not the child’s home jurisdiction. The trial court was correct in dismissing that portion of the action that dealt with child custody.
VI Property Division
When proceeding in rem, the trial court cannot determine rights in property not within the territorial jurisdiction of the Tribes. The trial court lacked jurisdiction over the real property it awarded to the husband and the bank accounts it awarded to the wife. The trial court properly dismissed the action to the extent it dealt with property division.
VII. Child Support
While the wife is not subject to the personal jurisdiction of the court, the husband is, both by virtue of his residence and because he invoked the jurisdiction of the court by filing his petition for divorce.[4] The trial court could make orders that required its personal jurisdiction over the husband. The child support order is such an order. It is most appropriate to leave the child support provision in place since a court in Connecticut will lack the necessary personal jurisdiction over the husband to make a support order. Rulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Flammond v. Flammond, 190 Mont. 350, 621 P.2d 471 (1980). Since there was only constructive service upon the wife, she did not have the opportunity to argue for greater support before the default decree was entered. When the wife appeared, the trial court should have maintained the ordered support as a temporary order but allowed her to proceed, if she wished, to show that a greater amount was due. Since we are fashioning an equitable remedy, the child support order is reinstated, but the trial court shall entertain a motion by the wife to modify, if she chooses to make such a motion.
CONCLUSION
For the reasons stated above we dismiss the appeal, grant a writ of review and order that:
1. The portion of the decree of September 9, 2002 that dissolved the marriage of the parties is reinstated;
2. The portion of the decree of September 9, 2002 that ordered Harold Monteau to pay child support is reinstated, subject to a motion to modify made by Laurel llene Monteau, if she so desires;
3. No other portion of the order of December 18, 2002 vacating the September 9, 2002 decree and dismissing the action is modified.

. The tribal code expressly provides both defense.', and objections are to be made in accordance with the federal rules of civil procedure. Rule 12 CSKT R.Civ.P. Emphasis supplied. We need not decide whether an objection to a judgment by means of a motion for a new trial or motion to alter or amend falls within the scope of the Rule 12 incorporation of the Federal Rules of Civil Procedure.

. The holding is limited to the facts of this case where an untimely appeal is pending. Had the trial court still had jurisdiction, the motion should first be made to the trial court so a factual record could be developed.

. If the trial judge did not disqualify himself, it would be the chief trial judge that would then hear a motion to disqualify. 1-2-204 CSKT Laws Codified

. The husband did fail to specify in his pleading that he submitted himself to the jurisdiction of the court on any counterclaims as required by 1-2-104(1) CSKT Laws Codified. That failure is not jurisdictional.