**Linda B. JONES, Plaintiff–Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

**Docket No. 99–7173**

United States Court of Appeals, Second Circuit.

Argued: Oct. 22, 1999

Decided: Jan. 11, 2000

---

Yaakov Kanovsky, Brooklyn, New York, for Plaintiff–Appellant.

Evan L. Gordon, New York, New York, for Defendant–Appellee.

Before: KEARSE, MINER, and CABRANES, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Linda B. Jones appeals principally from so much of a final judgment of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, *Judge,* as denied her attorney's fees and a higher rate of prejudgment interest in connection with her successful claim against defendant UNUM Life Insurance Company of America ("UNUM") under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (1994) ("ERISA"), for long-term disability benefits. She also appeals from so much of a postjudgment order as denied her requests for reconsideration of the denial of such relief and for other relief related to the district court's remand to UNUM for consideration of Jones's entitlement to additional disability benefits. Jones pursues these requests on this appeal. UNUM argues, *inter alia,* that this Court lacks appellate jurisdiction because Jones's notice of appeal was untimely. For the reasons that follow, we conclude that the appeal is timely; we affirm so much of the judgment as declined to deal in advance with UNUM's potential determination of Jones's disability claim for additional periods; and we vacate so much of the judgment as denied Jones attorney's fees and a higher rate of prejudgment interest, and remand for further proceedings with respect to those issues.

## I. BACKGROUND

Briefly summarized, the facts found by the district court on the basis of the parties' stipulations and a one-day bench trial are as follows. From August 1992 until April 29, 1994, Jones was employed as a legal administrator at a law firm and was covered by a long-term disability policy issued by UNUM to an affiliated firm (the "Group Policy"). As her coverage under the Group Policy was to end on the date her employment with the firm ended, Jones obtained from UNUM a "conversion policy" of insurance to take effect upon the termination of her employment at the firm.

Since at least February 1993, Jones has been seeking medical attention for severe back and shoulder pain, degenerative spinal disease, and inflammatory conditions. On April 28, 1994, she aggravated her back condition while packing and moving boxes in her office. She has been unable to work since that time; her doctors testified at trial that her condition prevents her from performing her former work as a legal administrator for the firm. She has been receiving Social Security disability benefits dating back to that date.

In October 1994, Jones applied to UNUM for long-term disability benefits, claiming disability since April 28, 1994. UNUM, as plan administrator, denied her application; it discredited her medical evidence of disability and concluded that she did not become disabled while covered under the Group Policy. Jones pursued an administrative appeal, which UNUM also denied. She then commenced the present action under ERISA, seeking, *inter alia,* disability benefits, return of the premiums paid on the conversion policy, prejudgment interest, and attorney's fees.

In an Opinion dated November 6, 1998 ("Opinion"), the district court ruled in favor of Jones on the merits of her disability claim. Noting that the Group Policy provides for no payments for the first 180 days of disability, *see* Opinion at *6 n.8, and requires that disability determinations be re-reviewed after 24 months of payments, *see id.* at *2 n. 2, the court found that Jones was entitled to disability payments for at least 24 months starting in October 1994:

[T]he evidence before the court reflects that ... the judgment of UNUM's benefit analysts should not be credited over the judgment of the trained medical doctors that submitted evidence on Jones' behalf. Jones should have been granted benefits under UNUM's Group Policy from October 1994. The matter of

whether Jones remains "currently" disabled beyond the first 24 months of her claim must be remanded to UNUM for determination in accordance with the terms of the Group Policy. *See Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 594 (2d Cir.1993) (exhaustion of administrative remedies required before judicial review).

Finding as such, I also grant Jones' request for prejudgment interest. *See Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875 (S.D.N.Y.1994). As the court found in *Algie,* I find that the applicable rate of interest should be calculated according to the post-judgment interest provision set forth in 28 U.S.C. § 1961.

Opinion at *5–6 (footnotes omitted). The court denied Jones's requests for other relief, stating as follows:

> Jones' request for return of her premiums under the Conversion Policy is denied, as she paid these premiums for her own benefit after the time the Group Policy terminated. Her request for attorneys' fees is also denied.

*Id.* at *6. Final judgment was entered in accordance with the Opinion on November 16, 1998 ("Judgment").

On November 30, 1998, Jones filed a motion titled "Plaintiff's Motion for Relief from Judgment Pursuant to FRCP 60(b)(6)," seeking principally (1) reconsideration of the court's denial of attorney's fees, (2) a modification of the judgment to provide a rate of interest higher than the rate provided in § 1961 in order to reflect more accurately her financial losses; and (3) reconsideration of the denial of her request for a refund of premiums paid on the conversion policy. She also asked the court to retain jurisdiction over UNUM's determination of her entitlement to further benefits.

In an Order dated January 12, 1999, entered on January 13, 1999 ("Postjudgment Order"), the district court granted the motion in part and denied it in part, stating only as follows:

Pursuant to Fed.R.Civ.P. 60(b)(6), Linda B. Jones moves for relief from my Opinion issued November 6, 1998 granting her disability benefits for a twenty-four month period, denying her request for attorneys' fees and denying her request for return of her conversion policy premiums. It is hereby

ORDERED, that her motion for return of her conversion policy premiums is granted and that UNUM pay interest on the amount returned as set forth in 28 U.S.C. § 1961; and, it is further

ORDERED, that the remaining items of relief she seeks in her motion are denied.

Jones filed her notice of appeal from the Judgment and from the Postjudgment Order on February 9, 1999.

## II. DISCUSSION

On appeal, Jones pursues the relief denied her in the district court. UNUM, while arguing that the rulings challenged by Jones are correct, urges us to dismiss the appeal for lack of jurisdiction on the ground that Jones's notice of appeal was not filed within 30 days of entry of the Judgment and that no motion was filed that extended the normal 30–day deadline. For the reasons that follow, we reject UNUM's challenge to appellate jurisdiction. As to the merits, we vacate the judgment in part, remanding for an explanation of the district court's denial of attorney's fees and its choice of prejudgment interest rate.

### A. *Appellate Jurisdiction*

■ In support of its challenge to appellate jurisdiction, UNUM points out that the Judgment was entered on November 16, 1998, and that the notice of appeal was not filed until February 9, 1999, more than 30 days thereafter. It states that although Jones "moved on November 30, 1998, purportedly under Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from judgment," that motion did not affect her

time to appeal because "Rule 60(b)(6) specifically provides, among other things, that: 'A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation,'" and because "Rule 4(a)(4) [of the Federal Rules of Appellate Procedure] also expressly excludes motions for attorneys' fees under FRCP 54, which is what plaintiff's motion really was in significant part, from the class of motions that toll the filing time unless the District Court enters an order under FRCP 58 extending the time for appeal." (UNUM brief on appeal at 12–13.) These contentions lack merit in light of this Court's precedents requiring treatment of parts of Jones's postjudgment motion, despite its label, as requests pursuant to Fed.R.Civ.P. 59(e), and in light of the current version of the Federal Rules of Appellate Procedure ("FRAP" Rules).

■■■ Ordinarily, in a private civil case, an aggrieved party is given 30 days from the date of entry of the final judgment in which to file her appeal. *See* 28 U.S.C. § 1291 (1994); Fed. R.App. P. 4(a)(1). However, the Federal Rules of Civil Procedure ("Civil" Rules) allow a party to move "to alter or amend a judgment," Fed.R.Civ.P. 59(e); and, as we have recently discussed, if a party makes a timely Rule 59(e) motion, the judgment loses its finality, and the appeal deadline is extended:

> The timely filing of a postjudgment motion pursuant to Fed. R. Civ. P . . . . 59 automatically "affect[s] the finality of the judgment," Fed.R.Civ.P. 59 Advisory Committee Notes (1995), because such a motion seeks to alter the judgment or reverse decisions embodied in it. *See, e.g., Browder v. Director, Department of Corrections,* 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) ("A *timely* petition for rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter

its adjudication of the rights of the parties." (internal quotation marks omitted)) . . . .

*Weyant v. Okst,* 198 F.3d 311, 314–315 (2d Cir.1999) (emphasis in *Browder* ). To be timely under Rule 59(e), a motion must be filed within 10 days after entry of judgment, computed, in accordance with Fed. R.Civ.P. 6(a), with intermediate Saturdays, Sundays, and legal holidays excluded. If a party has timely filed a motion for alteration or amendment of the judgment under Rule 59(e), or for relief under certain other Civil Rules, "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion." Fed. R.App. P. 4(a)(4)(A).

■■ Civil Rule 60(b) provides that the district court may relieve a party from a final judgment for any of a number of enumerated reasons such as misrepresentation, mistake, excusable neglect, or newly discovered evidence, or for "any other reason justifying relief from the operation of the judgment," Fed.R.Civ.P. 60(b)(6). That Rule, unlike Rule 59(e), does not impose a 10-day deadline, but rather provides, *inter alia,* that such a "motion shall be made within a reasonable time." Fed. R.Civ.P. 60(b). Rule 60(b) also states that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." *Id.* Rule 60, however, has not been substantially revised in more than a half-century, and as to certain Rule 60(b) motions filed within 10 days of the entry of judgment, the last quoted statement is no longer accurate.

■■ Regardless of the label the movant places on her postjudgment motion, we have found it appropriate to examine the timing and substance of the motion in order to determine whether it should be deemed to extend the time for appeal. We have long held that a postjudgment motion made within 10 days after entry of judgment, if it involves reconsideration of matters properly encompassed in a decision on the merits, is to be deemed a motion to alter or amend the judgment pursuant to

Rule 59(e), thereby extending the time of the parties to appeal. *See, e.g., McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103–04 (2d Cir.), *cert. denied,* 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 40–41 (2d Cir.1982). We have so held even if the motion "cited no particular procedural rule," *Northwestern National Insurance Co. v. Alberts,* 937 F.2d 77, 81 (2d Cir.1991), or cited only Rule 60(b), *see Rados v. Celotex Corp.*, 809 F.2d 170, 171 (2d Cir.1986), or was uniformly treated in the district court as a Rule 60(b) motion, *see Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d at 40 ("plaintiffs did not refer to Rule 59 in their papers; appellees treated the application as a Rule 60(b) motion in their opposition papers without comment from plaintiffs; plaintiffs argued excusable neglect, a Rule 60 basis; and [the district judge] referred to Rule 60(b) in his denial of reconsideration").

Consistent with this treatment, FRAP Rule 4(a)(4) was amended in 1993 to add some Civil Rule 60(b) motions to the category of motions that automatically extend the time for appeal. As currently worded, FRAP Rule 4(a)(4) includes in that category a motion "for relief under Rule 60 if the motion is filed no later than 10 days (computed using Federal Rule of Civil Procedure 6(a)) after the judgment is entered," Fed. R.App. P. 4(a)(4)(A)(vi). The Advisory Committee comment on the 1993 amendment states that

> [t]his eliminates the difficulty of determining whether a posttrial motion made within 10 days after entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time. The amendment comports with the practice in several circuits of treating all motions to alter or amend judgments that are made within 10 days after entry of judgment as Rule 59(e) motions for purposes of Rule 4(a)(4). See, e.g., ... *Rados v. Celotex Corp.*, 809 F.2d 170 (2d Cir.1986)....

Fed. R.App. P. 4 Advisory Committee Note (1993). Although Civil Rule 60(b) itself has not been amended, for purposes of calculating the time for filing an appeal from the judgment its statement that a motion thereunder "does not affect the finality of a judgment or suspend its operation" does not apply to motions that are within the scope of Rule 59(e) that have been filed within 10 days after the entry of judgment.

■ Even under the current FRAP Rule 4(a)(4)(A), however, a motion under Civil Rule 60(b) filed within 10 days of the entry of judgment might not extend the time for appeal if it seeks only attorneys' fees. Under Civil Rule 54(d)(2), "[c]laims for attorneys' fees ... shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial," and shall be made within "14 days after entry of judgment." Fed. R.Civ.P. 54(d)(2)(A) and (B). FRAP Rule 4(a)(4)(A)(iii) provides that such a motion extends the time for appeal only if so ordered by the district court in accordance with Fed.R.Civ.P. 58, rather than automatically.

■ A motion that requests reconsideration of the merits of a plaintiff's claim for the return of moneys paid to the defendant obviously may result in an alteration of the decision on the merits and is plainly the type of motion that may be brought under Rule 59(e), automatically extending the parties' time to appeal. Further, prejudgment interest on any type of claim is "an element of [the plaintiff's] complete compensation," and considerations that underlie the district court's decision as to "[whether] and how much prejudgment interest should be granted" "are intertwined in a significant way with the merits of the plaintiff's primary case as well as the extent of his damages." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (internal quotation marks omitted). Thus, a postjudgment motion with regard to prejudg-

ment interest similarly extends the parties' time to appeal.

Applying these principles to the present case, we hold that Jones's appeal was timely. Although Jones's postjudgment motion was labeled one under Rule 60(b)(6), and although it sought reconsideration of the Judgment's denial of her request for attorney's fees, it was in other respects the type of motion that extends the parties' time to appeal, for it requested alteration of (a) the Judgment's denial of her claim for the return of premiums she had paid on the conversion policy, and (b) the rate of prejudgment interest ordered by the Judgment. These aspects of Jones's motion addressed the merits of her claims (indeed, as a result of the reconsideration she prevailed on her claim for the return of premiums). In this case, the request for attorney's fees, denied in the original Judgment, was presented as another aspect of the postjudgment motion and as part and parcel of it. The district court ruled on the motion in its entirety in its postjudgment order entered on January 13, 1999. Accordingly, the parties' time to appeal from the judgment began at that time. Jones's notice of appeal, filed 27 days later on February 9, 1999, was therefore timely filed.

## B. *The Merits*

Jones principally pursues her contentions that she should be awarded attorney's fees and a higher rate of prejudgment interest in connection with her recovery of disability benefits. She contends that such relief is necessary to make her whole and that the district court could not properly deny those awards without an explanation. Although we affirm other aspects of the Judgment, *see* Part II.B.3. below, we remand for findings on these issues in order to permit meaningful appellate review.

### 1. *Attorney's Fees*

■ In an action by a plan beneficiary to enforce a right under ERISA, the dis-

trict court "in its discretion," except in circumstances not applicable here, "may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *see Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir.1995). In determining whether to make such an award, the court is ordinarily to consider "five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir.1987), *cert. denied,* 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990).

■ We review a district court's decision to award or deny attorney's fees for abuse of discretion. *See New York State Teamsters Conference Pension and Retirement Fund v. Boening Brothers, Inc.,* 92 F.3d 127, 135 (2d Cir.1996). However, reviewable for " 'abuse of discretion' is not the equivalent of 'unreviewable,' " and it is important that we "be informed by the record of why the district court acted as it did." *In re Bolar Pharmaceutical Co. Securities Litigation,* 966 F.2d 731, 732 (2d Cir.1992) (per curiam); *see Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 99 (2d Cir.1997). Thus, "whichever way it exercises its discretion, a district court should make specific findings regarding the matter," *International Brotherhood of Teamsters, Joint Council 18 v. New York State Teamsters Council Health and Hospital Fund,* 903 F.2d 919, 924 (2d Cir.), *cert. denied,* 498 U.S. 898, 111 S.Ct. 251, 112 L.Ed.2d 210 (1990), in order to permit meaningful appellate review. Where the district court has not articulated any reason for denying attorneys' fees, we will remand for appropriate and informative

findings. *See, e.g., id.* at 924; *Orchano v. Advanced Recovery, Inc.,* 107 F.3d at 99 ("A recitation of the applicable factors or legal standard, standing alone, is normally not sufficient to permit appropriate appellate review. The court must inform the reviewing court as to how the standard has been applied to the facts as the court has found them."); *Gierlinger v. Gleason,* 160 F.3d 858, 876–77 (2d Cir.1998) (denial of fees for seemingly necessary work expediently performed, upon a conclusory finding that it was "'redundant, unnecessary, and unavailing,'" held insufficiently explained).

■ In the present case, the district court gave no reasons for denying Jones's request for attorney's fees, either in its Opinion or in its Postjudgment Order. We are thus unable to give that denial meaningful review. Although Jones invites this Court to find that she is entitled to such fees as a matter of law, we decline to do so. As the decision of whether or not to award attorney's fees in an ERISA case is committed to the sound discretion of the district court, and that court is more familiar than we with the facts of the case and the course of the litigation, we leave it to that court in the first instance to determine the appropriateness and amount of a fee award. We therefore remand for the district court to make proper findings.

### 2. *The Prejudgment Interest Rate*

■ In a suit to enforce a right under ERISA, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court. *See, e.g., Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 286 (2d Cir.1992); *Algie v. RCA Global Communications, Inc.,* 891 F.Supp. 875, 898–99 (S.D.N.Y.1994) ("*Algie*"), *aff'd,* 60 F.3d 956, 960 (2d Cir.1995). In exercising such discretion, the court is to take into consideration "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved,

and/or (iv) such other general principles as are deemed relevant by the court." *SEC v. First Jersey Securities, Inc.,* 101 F.3d 1450, 1476 (2d Cir.1996) (internal quotation marks omitted), *cert. denied,* 522 U.S. 812, 118 S.Ct. 57, 139 L.Ed.2d 21 (1997). Since prejudgment interest is "an element of [the plaintiff's] complete compensation," *Osterneck v. Ernst & Whinney,* 489 U.S. at 175, 109 S.Ct. 987 (internal quotation marks omitted), the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate, *see, e.g., SEC v. First Jersey Securities, Inc.,* 101 F.3d at 1476; *Mendez v. Teachers Insurance & Annuity Ass'n,* 982 F.2d 783, 790 (2d Cir.1992) (amount should be "fair, equitable and necessary to compensate the wronged party fully") (internal quotation marks omitted); *Algie,* 891 F.Supp. at 899 ("the aim ... is to make the plaintiffs whole, but not to give them a windfall").

■ There is no federal statute that purports to control the rate of prejudgment interest. Section 1961 of Title 28 establishes the rate of interest that is to be paid "on any money judgment in a civil case recovered in a district court," linking that rate to the rate of interest the government pays on money it borrows by means of Treasury bills. *See* 28 U.S.C. § 1961(a). The suitability of that postjudgment rate for an award of prejudgment interest will depend on the circumstances of the individual case, and the court need not limit the award of prejudgment interest to the rate at which the injured party would have lent money to the government. The court may, for example, consider whether the plaintiff would have invested the money at some higher rate, *see generally Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d at 286; or it may take into account the rate of interest the defendant would have had to pay to borrow the money it withheld from the plaintiff, *see, e.g., EEOC v. Wooster Brush Co. Employees Relief Ass'n,* 727 F.2d 566, 579 (6th Cir.1984) (discussing cases); *see also Saulpaugh v.*

*Monroe Community Hospital,* 4 F.3d 134, 145 (2d Cir.) (Title VII authorizes prejudgment interest to prevent the defendant "from attempting to enjoy an interest-free loan for as long as it can delay paying") (internal quotation marks omitted), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994); *SEC v. First Jersey Securities, Inc.,* 101 F.3d at 1476–77 (upholding prejudgment interest award in securities fraud case at the rate the Internal Revenue Service charges on delinquent taxes, rather than the treasury-bill rate, since the latter "advantageous rate would seem highly inappropriate in the circumstances here, where defendants have had the use of the money").

In granting prejudgment interest in the present case, the district court stated only that

> [a]s the court found in *Algie,* I find that the applicable rate of interest should be calculated according to the post-judgment interest provision set forth in 28 U.S.C. § 1961.

Opinion at *6. The district court in *Algie,* in selecting the § 1961 postjudgment rate, found that the prevailing interest rates during the period in which the plaintiffs were improperly denied benefits were generally lower than the state-law prejudgment interest rate and that the federal rate "provide[d] a closer approximation of the likely return on plaintiffs' unpaid benefits" during that period. 891 F.Supp. at 899. This Court affirmed, adopting the reasoning of the district court. *See* 60 F.3d at 960.

The district court here cited *Algie* but made no findings as to why the § 1961 rate would adequately compensate Jones. In the absence of such findings, meaningful review is forestalled, since there is no obvious similarity between that case and this. *Algie* was a suit for severance payments, and the *Algie* court apparently, given its benchmark of the plaintiffs' "likely return," believed those sums would have been invested. The present action sought disability payments to a plaintiff who has been unable to work since six months prior to the time she became entitled to those payments. It would be well within the discretion of the district court to take into account the rate at which such a plaintiff would have paid to borrow money rather than the rate at which she would have lent it to the government.

On remand, the court should briefly explain its reason for adopting the § 1961 rate or any higher rate.

### 3. *Other Contentions*

Jones also argues that, in remanding to UNUM for a determination of whether Jones is entitled to additional disability benefits beyond the 24–month period covered by the Judgment, the district court should have retained jurisdiction over that determination and should have ordered that any such additional payments be accompanied by an appropriate payment of interest. We reject these contentions.

ERISA requires that when an application for benefits has been denied, there be an opportunity for review by the plan administrator. *See* 29 U.S.C. § 1133. As the district court noted in its Opinion, there is a "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 594 (2d Cir.1993) (internal quotation marks omitted). Thus, absent a "clear and positive showing" that seeking review by the carrier would be futile, that remedy must be exhausted prior to the institution of litigation. *See id.* at 595 (internal quotation marks omitted). We see no indication in the record that Jones made such a showing in this case. The district court properly refused to disregard the exhaustion requirement.

Nor, given this posture of the matter, could the district court properly address the question of what prejudgment interest might be appropriate after consideration by UNUM as to whether additional

disability payments should be awarded. Under Article III of the Constitution, it is "axiomatic" that a federal court may not exercise jurisdiction over a dispute unless the plaintiff shows "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Blum v. Yaretsky,* 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (internal quotation marks omitted). Jones's claim for further disability payments had yet to be determined even administratively and her request for pre-judgment interest was premature.

### CONCLUSION

We have considered all of the parties' respective arguments on this appeal and, except as indicated above, have found them to be without merit. The Judgment of the district court is vacated insofar as it denied plaintiff attorney's fees and a higher rate of prejudgment interest; in all other respects the Judgment is affirmed. The matter is remanded to the district court for further proceedings not inconsistent with this opinion.

The mandate shall issue forthwith. The parties shall inform the Clerk of this Court when the district court issues its decision on remand. Jurisdiction will then be automatically restored to this Court without need for a new notice of appeal. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). After jurisdiction is restored, the Clerk shall set an expedited briefing schedule, and the matter will then be heard by this panel on letter briefs.

Costs of the present stage of the appeal are awarded to plaintiff.

JOSÉ A. CABRANES, Circuit Judge, concurring:

I concur in the judgment of the Court and in Judge Kearse's thorough opinion. I write separately merely to stress that whether, or under what circumstances, a party's time to appeal is extended by a motion pursuant to Federal Rules of Civil Procedure 59 or 60, when that motion seeks reconsideration solely of a district court's denial of attorney's fees, and such denial was part and parcel of the court's judgment on the merits, remains an open question in this Circuit. *Cf. Ramsey v. Colonial Life Ins. Co. of Am.,* 12 F.3d 472 (5th Cir.1994) (holding that when a district court has entered a final judgment on the merits, including a denial of attorney's fees, a Rule 59 (e) motion for reconsideration of the denial of attorney's fees alone operates to extend the time for appeal); *Hastert v. Illinois State Bd. of Election Comm'rs,* 28 F.3d 1430, 1437–38 & n. 8 (7th Cir.1993) (similar); *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986) (similar); *Utah Women's Clinic, Inc. v. Leavitt,* 75 F.3d 564, 566–69 (10th Cir.1995) (distinguishing *Ramsey,* and holding that a post-judgment motion for reconsideration of a decision with respect to attorney's fees, when further proceedings in the district court are clearly contemplated, does not operate to extend the time for appeal).