**Linda B. JONES, Plaintiff–Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

No. 99–7173.

United States Court of Appeals, Second Circuit.

June 28, 2001.

Yaakov Kanovsky, Brooklyn, NY, for appellant.

Evan L. Gordon, N.Y., NY, for appellee.

Present KEARSE, MINER and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

This case returns to us as a reinstated appeal following a remand in *Jones v. UNUM Life Insurance Co. of America*, 223 F.3d 130 (2d Cir.2000) ("*Jones I* "), for explanations by the United States District Court for the Southern District of New York, Kevin Thomas Duffy, *Judge*, of its reasons for denying attorney's fees and a higher rate of prejudgment interest to plaintiff Linda B. Jones in connection with her successful claim against defendant UNUM Life Insurance Company of America ("UNUM") under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Finding the court's explanations sufficient to show that there has been no abuse of discretion, we affirm.

On remand, in an Order dated February 26, 2001 ("Order"), the district court explained that it denied Jones's request for attorney's fees for essentially two reasons.

First, noting the standard set out in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), *cert. denied*, 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990), the court stated that two of the five *Chambless* factors were most relevant here, to wit, "the degree of the offending party's culpability or bad faith and the relative merits of the parties' positions." Order at 1. The court stated that "this was an extraordinarily close case," *id.*, and implicitly found that UNUM had not conducted itself in bad faith. The second reason stated by the court was that, because it had remanded an additional claim by Jones to UNUM, as required by ERISA, *see Jones I*, 223 F.3d at 140 ("there is a firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases" (internal quotation marks omitted)), the court viewed any award of fees to Jones as "premature," Order at 1.

As discussed in *Jones I*, a district court's decision to award or deny attorney's fees is reviewed for abuse of discretion. *See* 223 F.3d at 138; *New York State Teamsters Conference Pension and Retirement Fund v. Boening Brothers, Inc.*, 92 F.3d 127, 135 (2d Cir.1996). In the present case, given the court's explanations on remand, we see no basis in the record for overturning the court's weighing of the *Chambless* factors, and no abuse of discretion in the decision that the lack of bad faith on the part of UNUM and the relative merits of the parties' positions militated against an award of fees. Further, the district court's reasoning that such an award would be "premature" indicates that the possibility remains open that Jones may ultimately be awarded attorney's fees following the conclusion of the administrative proceedings and any judicial review of the administrative decision on her additional claim.

With respect to prejudgment interest, which the district court awarded to Jones at the rate set out in 28 U.S.C. § 1961, *Jones I* stated that "[o]n remand, the court should briefly explain its reason" for adopting that rate or any higher rate. 223 F.3d at 140. In its Order, the court adhered to the rate set out in § 1961, stating that it did so because of the closeness of the case, because "it was the most fair and equitable rate available," and because "the evidence [Jones] offered to prove why a higher rate of interest was justified, was unpersuasive." Order at 2. Although we do not see that the rate of prejudgment interest should be determined by the closeness of the case, we see no error or abuse of discretion in the court's assessment of the persuasiveness of Jones's evidence to support a higher rate than that set out in § 1961. The record indicates that Jones's original proffers were of a general nature and that she made no attempt on remand to supplement her proof that a higher interest rate was necessary in order to compensate her fully. We cannot conclude on this record that the court's use of the § 1961 rate was an abuse of discretion.

We have considered all of Jones's contentions on this reinstated appeal and have found in them no basis for reversal. The order of the district court is affirmed.

No costs.