462 F.3d 87
 OSRECOVERY, INC., John Doe Plaintiffs 3050-3188, in their individual capacities and in their capacities as claimant members of OSRecovery, Inc., John Doe Plaintiffs 1-939, in their individual capacities and in their capacities as claimant members, Plaintiffs,
Gray Clare, Appellant,
v.
ONE GROUPE INTERNATIONAL, INC., its founders, officers and directors, a/k/a Onegroup, Osgold.Com, its founders, officers and directors, a/k/a Off-Shore Gold, Osopps.Com, David C. Reed, in his individual capacity and as co-founder of OSGold and OSOpps, OSGold, Latvian Economic Commercial Bank, a/k/a Lateko Bank, Parex Bank, a/k/a Parekss Banka, Ecommerce Exchange, Inc., its founders, officers and directors, Ecurrency Exchange, Inc., its founders, officers and directors, Pinnacle Dynamics, LLC, its founders, officers
and directors, d/b/a Fastgold, James Shupperd, in his individual capacity, Goldnow Corp., Graham Kelly, in his individual capacity, Gaithmans Gold Nation Ltd., Eric Gaither, Gold-To-day, Michael Moore, in his individual capacity, Pecunix, Inc., International Negotiations Team, Rick Young, John Does, in their individual capacities, John Doe Inc., Frank Zuchristian, Euro Gold Line, Told-Today, Defendants-Appellees,
Randy L. Johnson, Jr., in his individual capacity and his capacity as co-founder of OSGold and owner of Ecommerce Exchange, Inc., Defendant.
Docket No. 05-4371-cv.
 United States Court of Appeals, Second Circuit.
 Argued: May 16, 2006.
 Decided: September 5, 2006.
 
 Franklin B. Velie, Sullivan & Worcester LLP, New York, N.Y. (Richard Verner, on the brief), for Appellant.
 Lawrence W. Newman, Baker & McKenzie LLP, New York, N.Y. (Scott C. Hutchins, on the brief), for Defendants-Appellees.
 Before CARDAMONE, CALABRESI, POOLER, Circuit Judges.
 POOLER, Circuit Judge.
 
 
 1
 Appellant Gray Clare appeals from an August 3, 2005, order of the United States District Court for the Southern District of New York (Kaplan, J.) holding him in contempt of court. See OSRecovery, Inc. v. One Groupe Int'l, Inc., No. 02 Civ. 8993(LAK), 2005 WL 1828736, *2, 2005 U.S. Dist. LEXIS 15699, *5 (S.D.N.Y. Aug. 3, 2005). The court issued the order in response to a motion from defendant-appellee, Latvian Economic Commercial Bank ("Lateko"), requesting that the court hold Clare in contempt for his failure to comply with a January 13, 2005, order compelling Clare to respond to Lateko's discovery requests. See id. 2005 WL 1828736 at *1, 2005 U.S. Dist. LEXIS 15699, at *1-2. The January 13, 2005, order instructed Clare to respond to all of Lateko's requests, including document requests annexed to Clare's Notice of Deposition, requests for production, and interrogatories. Clare objects to these requests, the January 13, 2005, order compelling discovery, and the contempt order on the basis that he is not a party to the underlying litigation, and he was not subpoenaed as a non-party. Id. 2005 WL 1828736, at *1, 2005 U.S. Dist. LEXIS 15699, at * *2-3.
 
 
 2
 All parties have agreed and asserted to this Court that Clare is not actually a party. The district court, while also acknowledging Clare's non-party status, treated Clare as a party—but only for discovery purposes—by using two theoretical devices: estoppel and party by proxy.
 
 
 3
 We first hold that we have jurisdiction over the instant appeal because it is "final" within the meaning of 28 U.S.C. § 1291. Although appeals from civil contempt orders issued against parties are not "final" and thus not immediately appealable, such appeals by non-parties are "final." See Int'l Bus. Machs. Corp. v. United States, 493 F.2d 112, 114-15 & n. 1 (2d Cir.1973). Because Clare is in fact a non-party, the appeal from his contempt order is properly appealable at this juncture.
 
 
 4
 We next hold that the district court abused its discretion by issuing a contempt order to a non-party for failing to respond to discovery requests propounded to him as a party without providing sufficient legal authority or explanation for treating him as a party solely for the purposes of discovery. Non-parties are entitled to certain discovery procedures, such as receiving a subpoena, before they are compelled to produce documents. See Fed.R.Civ.P. 34(c); Fed.R.Civ.P. 45. The district court, however, permitted Lateko to treat Clare as a party, thereby eliminating some of the procedural protections that would have been afforded to Clare had he been dealt with as a non-party. We offer no opinion on whether the district court's theories for proceeding in this manner were appropriate in the instant case because we find that the contempt order applying these theories did not lend itself to meaningful review by this Court and therefore must be vacated solely on that basis.
 
 
 5
 We therefore vacate the order of the district court holding Clare in contempt of court and remand the case to the district court for further proceedings in accordance with this decision.
 
 BACKGROUND
 
 6
 OSRecovery, Inc. and a number of plaintiffs who have been referred to as numbered "Doe" plaintiffs throughout the litigation (collectively, "plaintiffs") brought suit against defendants, including Lateko, for, inter alia, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., alleging that defendants were engaged in a Ponzi scheme to defraud investors. The Doe plaintiffs' identities were kept under seal and confidential, so that neither Lateko — nor the district court at one point — knew which individuals were Doe plaintiffs. It is this unusual circumstance that created much of the confusion that gave rise to the instant appeal.
 
 
 7
 At the time the action was filed, Clare was president of OSRecovery, a corporation formed for the purposes of bringing the underlying action. Clare was also the sole shareholder of OSRecovery. He was not, however, a plaintiff individually named in the action, and, as ultimately became apparent, he was not one of the Doe plaintiffs either.
 
 
 8
 Because the identities of the Doe plaintiffs were unknown to the district court and to Lateko, much confusion arose regarding whether Clare was actually one of the Doe plaintiffs. This confusion created issues during discovery regarding the appropriate procedure for propounding discovery requests to Clare. Clare contributed to this confusion by initially referring to himself as a plaintiff. For instance, in a letter sent to the district court and dated May 28, 2004, plaintiffs' counsel requested that the court take action on behalf of "one of the Plaintiffs, the President of OSRecovery, Inc. — Gray Clare."
 
 
 9
 In Clare's brief, he argues that he initially referred to himself as a plaintiff because he was attempting to become one, but his efforts were rejected by the district court. According to Clare, a motion was filed on April 15, 2004, to amend the complaint, which would have, inter alia, added Clare as one of the Doe plaintiffs. But, on May 17, 2004, the district court denied the motion to amend the complaint. Clare suggests that it was at this point that he realized he would not have an opportunity to become a plaintiff. Despite this supposed realization, however, on May 28, 2004—nearly two weeks after the court's denial order—plaintiffs' counsel sent the letter to the court in which Clare was characterized as "one of the Plaintiffs."
 
 
 10
 Allegedly unsure of Clare's party status, Lateko propounded numerous discovery requests to Clare as if he were a plaintiff. OSRecovery and the Doe plaintiffs objected to these requests on Clare's behalf. Notably, their objections did not include a claim that the requests were not properly propounded to Clare under the rules pertaining to non-parties. Clare concedes that plaintiffs' counsel erred in neglecting to raise his status as an objection, but he claims that this omission occurred because counsel anticipated that Clare would ultimately become a plaintiff, given that the motion to amend the complaint to add Clare as a plaintiff had not yet been rejected at this point.
 
 
 11
 On January 13, 2005, the district court issued an order compelling Clare to respond in full to Lateko's discovery requests by answering the interrogatories and turning over the requested documents, and on February 8, 2005, the court denied Clare's motion to reconsider its decision. In its order denying Clare's motion for reconsideration, the court addressed Clare's contention that he was not a party to the underlying litigation. The court explained that "[w]hile it appears that all now agree that Gray Clare is not in fact a plaintiff in this case . . . the fact remains that his attorneys repeatedly referred to him as a plaintiff and Lateko relied upon those references in the unique circumstances here, in which the names of the individual plaintiffs have been filed under seal." Because of this, the court determined that Clare "[was] estopped to deny, at least for the purposes of amenability to party discovery, that he is a plaintiff." The court rejected Clare's argument that counsel had referred to Clare as a plaintiff because there was confusion over whether he was one. According to the court, plaintiffs' counsel, who were also Clare's counsel, plainly knew who their clients were.
 
 
 12
 Subsequently, Lateko filed a motion for summary judgment dismissing plaintiffs' complaint. On August 1, 2005, the district court partially granted Lateko's summary judgment motion, dismissing some of the Doe plaintiffs and OSRecovery from the litigation. With OSRecovery no longer a plaintiff, the only plaintiffs remaining were the Doe plaintiffs who were not dismissed from the lawsuit upon the court's grant of Lateko's summary judgment motion.
 
 
 13
 Maintaining that he was not a party, Clare continued to refuse to comply with the January 13, 2005, order compelling his response to discovery, and on August 3, 2005, the district court issued an order holding Clare in contempt. See OSRecovery, Inc., No. 02 Civ. 8993(LAK), 2005 WL 1828736, at *2, 2005 U.S. Dist. LEXIS 15699, at *5-6. The order decrees that Gray shall be fined $2,500 for each day, commencing on August 12, 2005, that he fails to comply with the January 13, 2005, order. Id. 2005 WL 1828736, at *2 2005 U.S. Dist. LEXIS 15699, at *5. It also directs that "Clare be arrested wherever in the United States and its possessions he may be found, transported to an appropriate detention facility in [the] district, and there held pending further order of [the district court], which will be forthcoming when [Clare] demonstrates that he has complied fully with the January 13, 2005 order." Id. (internal citation omitted).
 
 
 14
 In the order, the court addresses Clare's contention that he is not a party to the underlying litigation and therefore should not be compelled to respond to the discovery requests. See id. 2005 WL 1828736, at *1, 2005 U.S. Dist. LEXIS 15699, at *3. The court, again rejecting this argument, maintains its position that Clare is estopped to deny, for discovery purposes, that he is not a party. Id. Additionally, the court finds that Clare should be treated as a party because "OSRecovery is nothing more than a front for Clare, who entirely dominates and controls it." Id. Thus, according to the court, Clare is a party as OSRecovery's proxy. Id. 2005 WL 1828736, at *1, 2005 U.S. Dist. LEXIS 15699, at *3-4.
 
 
 15
 Subsequently, Clare filed a motion in this Court seeking a stay of the contempt order pending his appeal.[1] During the hearing on this motion, Clare persisted in his position that he has never been a party to the underlying litigation, arguing that "[e]verybody agrees [Clare] was not a party." Lateko's counsel concurred, stating that he did not think there was a doubt about it: "[Clare] is, in fact, a third-party," and "[there is] a final order with respect to him." Both Clare and Lateko also agreed that "[Clare] never received a subpoena." This Court then sought affirmation from both parties that everyone was in agreement that Clare is in fact a non-party. Again, Lateko's counsel affirmed that "[both sides] are in agreement on that, yes." The motions panel granted a stay, and we heard argument on May 16, 2006.
 
 DISCUSSION
 I. Jurisdiction
 
 16
 We have jurisdiction to review "final" decisions of the district courts of the United States pursuant to 28 U.S.C. § 1291. In general, an order of civil contempt[2] is not "final" within the meaning of Section 1291 but is interlocutory and therefore may not be appealed until the entry of a final judgment in the underlying litigation. Int'l Bus. Machs. Corp., 493 F.2d at 114-15. "Exceptions to this rule are rare, but where they occur it is because the interlocutory nature of the order is no longer present. Hence, civil contempts against non-parties are immediately appealable because the appeal does not interfere with the orderly progress of the main case." Id. at 115 n. 1 (emphasis added). However, civil contempt orders against parties are interlocutory and therefore not immediately appealable. Rather, they must await the termination of the underlying litigation. See In re von Bulow, 828 F.2d 94, 98 (2d Cir.1987).
 
 
 17
 Clare's status in the underlying litigation is therefore critical to whether we have jurisdiction over this appeal at this juncture. If he is a party, we may not now entertain his appeal, but if he is not a party, we may. As the district court recognized, and all parties have agreed, Clare is in fact not a party to the underlying litigation. Even the district court, who treated Clare as a party for the limited purposes of discovery, did not deem Clare a party for all purposes; thus, it is clear that Clare is not actually a party to the underlying litigation, and the contempt order is "final," 28 U.S.C. § 1291. We therefore have jurisdiction over his appeal.
 
 II. The Contempt Order
 
 18
 We review a finding of contempt for abuse of discretion. Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 915 (2d Cir.1998). "We have held, however, that because the power of a district court to impose contempt liability is carefully limited, our review of a contempt order for abuse of discretion is more rigorous than would be the case in other situations in which abuse-of-discretion review is conducted." Id. at 916 (internal quotation marks omitted). We find that the district court abused its discretion by holding Clare in contempt as a party without sufficient explanation or citation to legal authority supporting the bases upon which the court relied in treating Clare as a party—for discovery purposes only—despite the fact that Clare was not actually a party.
 
 
 19
 The contempt order relies on two theories for treating Clare as a party: a party-by-estoppel theory and a party-by-proxy, or alter-ego, theory. See OSRecovery, Inc., No. 02 Civ. 8993(LAK), 2005 WL 1828736, at *1, 2005 U.S. Dist. LEXIS 15699, at *3-4. The contempt order, however, does not provide citation to legal support for applying either theory in this context. In particular, the order does not explain how Clare could be transformed into a party for discovery purposes but not for any other aspect of the litigation. See id. Additionally, the order does not provide enough information on the precise legal theories it is attempting to invoke. For instance, the order states merely that Clare is "estopped" to deny that he is a party for discovery purposes. See id. 2005 WL 1828736, at *1, 2005 U.S. Dist. LEXIS 15699, at *3. However, there are numerous types of estoppel, including, inter alia, judicial and equitable estoppel, to which the district court may have been referring. See Bates v. Long Island R.R. Co., 997 F.2d 1028, 1037-38 (2d Cir.1993) (stating the differences between judicial and equitable estoppel).[3] The order also states simply that Clare should be treated as a party because he has acted as OSRecovery's proxy, but it does not explain what party-by-proxy theory it is invoking. See OSRecovery, Inc., No. 02 Civ. 8993(LAK), 2005 WL 1828736, at *1, 2005 U.S. Dist. LEXIS 15699, at *3-4. From the court's brief statements, we are unable to discern, for example, whether the proxy theory to which it is referring is something more akin to "piercing the corporate veil," see, e.g., Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir.1997) ("Typically, piercing analysis is used to hold individuals liable for the actions of a corporation they control."), or to treating someone as a "controlling person" under the Securities laws, see, e.g., SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1472-73 (2d Cir. 1996) (explaining that controlling-person liability may attach if there is proof of both a violation by the controlled person and control of the primary violator by the defendant).
 
 
 20
 It is unclear, however, which estoppel and which party-by-proxy theory the court applied because the contempt order does not specify.[4] Nor does the January 13, 2005, order compelling Clare's compliance with the discovery requests shed any light on this issue. That order merely states that it grants Lateko's motion to compel discovery, but it does not provide a rationale for treating Clare as a party, especially in light of the peculiar circumstance of treating him as a party for this limited purpose only.[5]
 
 
 21
 Although we review the district court's order for abuse of discretion, "[r]eviewable-for-abuse-of-discretion [ ] does not mean unreviewable." In re Mazzeo, 167 F.3d 139, 142 (2d Cir.1999); see also Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 138 (2d Cir.2000). The lower court's findings of fact and conclusions of law must be sufficient to permit meaningful review, "and where such findings and conclusions are lacking, we may vacate and remand." In re Mazzeo, 167 F.3d at 142. Moreover, we think it is fundamentally unfair to hold Clare in contempt as if he were a party without sufficient legal support for treating him, a non-party, as a party but only for the purposes of discovery.
 
 
 22
 There may be grounds for applying equitable estoppel, and even for applying it solely to discovery as the district court did in the instant case. But, if those are the grounds, the district court should provide: (1) more explicit factual findings supporting this, and (2) since it seems to us to be possibly a new legal theory, citations to whatever adjacent support exists. That way we may decide whether to adopt that theory, which may be a broadening of the concept of equitable estoppel. Alternatively, if it is not a broadening because there are cases on point, we invite the district court's assistance in telling us so.
 
 
 23
 We therefore vacate the order and remand the case, so that the district court may decide how to proceed. If the court deems it appropriate to hold Clare in contempt of court, it should address the issues set forth above, so that this Court may ascertain the appropriateness of such action.
 
 CONCLUSION
 
 24
 For the foregoing reasons, we vacate the contempt order and remand the case to the district court for proceedings in accordance with this decision.
 
 
 
 Notes:
 
 
 [1]
 During the instant appeal, Clare filed a motion to file exhibits with his reply brief, including the transcript of the stay hearing, and this Court granted his request
 
 
 [2]
 It is not disputed that the district court's order was a civil contempt order rather than a criminal contempt order, and this is indeed correct. A civil contempt order is remedial in nature while a criminal contempt order is punitiveInt'l Bus. Machs. Corp., 493 F.2d at 115. A civil contempt order is also contingent and coercive. Id. Just because a contempt order includes a large fine and/or prison term does not render the order criminal. Id. at 115-16. An order that imposes sanctions on a party for each day she disobeys the court's discovery order is a civil contempt order. See id. This is precisely the type of order at issue in the instant case.
 
 
 [3]
 Judicial estoppel, which requires, inter alia, that "a party both takes a position that is inconsistent with one taken in a prior proceeding, and has had that earlier position adopted by the tribunal to which it was advanced,"Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 148 (2d Cir.2005) (internal quotation marks omitted), is likely inapplicable in the instant case where any inconsistencies appear limited to the same proceeding, see Adler v. Pataki, 185 F.3d 35, 41 n. 3 (2d Cir.1999) ("[J]udicial estoppel applies only when a tribunal in a prior separate proceeding has relied on a party's inconsistent factual representations and rendered a favorable decision.").
 Unlike judicial estoppel, which is designed to protect the integrity of the judicial process, equitable estoppel ensures the fairness between the parties. Bates, 997 F.2d at 1037. Equitable estoppel is proper where the enforcement rights of one party would create injustice to the other party who has justifiably relied on the words or conduct of the party against whom estoppel is sought. Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 725 (2d Cir.2001). According to federal law, "a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely on it; 2) and the other party reasonably relies upon it; 3) to her detriment." Id.
 
 
 [4]
 The contempt order similarly fails to specify on which facts the court relies in concluding that OSRecovery is merely a front for Clare
 
 
 [5]
 The district court also used this party-by-estoppel theory to treat Clare as a party in the February 8, 2005, order denying Clare's motion for reconsideration of the court's order compelling Clare to respond to discovery. This order also lacks citation to precedent or an explanation for applying estoppel in this manner