08-3356-cv
Brotherhood of Locomotive Engineers & Trainmen v. The Long Island Railroad Company

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand and ten.

PRESENT:

GUIDO CALABRESI,
ROBERT D. SACK,
  *Circuit Judges*,
EDWARD R. KORMAN,
  *District Judge*.[*]

_____

BROTHERHOOD OF LOCOMOTIVE ENGINEERS & TRAINMEN, a Division of the Rail Conference of the International Brotherhood of Teamsters,
  *Petitioner-Appellee*,

  -v.-                                                    No. 08-3356-cv

LONG ISLAND RAILROAD COMPANY,
  *Respondent-Appellant*.

_____

_____

[*] The Honorable Edward R. Korman, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

For Respondent-Appellant:          RICHARD SCHOOLMAN, Stephen N. Papandon, and Kevin P. McCaffrey, *of counsel*, Catherine A. Rinaldi, Vice President/General Counsel & Secretary, The Long Island Rail Road Company, Jamaica, N.Y.

For Petitioner-Appellee:          MICHAEL S. WOLLY, Jeffrey W. Burritt, Zwerdling, Paul, Kahn & Wolly, P.C., Washington, D.C.

---

**UPON DUE CONSIDERATION** of the appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*) **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

---

Respondent-Appellant Long Island Railroad Company ("the Railroad") appeals from the decision of the United States District Court for the Eastern District of New York (Irizarry, *J.*), which granted the petition of Petitioner-Appellee the Brotherhood of Locomotive Engineers and Trainmen ("the Union") to enforce an award of Public Law Board 6846, an adjustment board created pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 153. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We previously remanded this case to the District Court so that it could provide further explanation as to its reasoning in selecting pre-judgment interest rates.[1] The District Court has now provided that additional explanation, and we resume our consideration of the case.

"The rate of pre-judgment interest is within the broad discretion of the district court." *N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 131 (2d Cir. 2001) (alterations omitted). "In exercising such discretion, the court is to take into consideration (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or

---

[1] We also identified error in the District Court's selection of a start date for pre-judgment interest rates. The District Court corrected this error on remand, and neither party objects to the newly selected date.

"(iv) such other general principles as are deemed relevant by the court." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (internal quotation marks omitted).

The Railroad argues that the District Court's latest order suffers from the same flaw as its previous order, and provides no basis on which we can assess whether it abused its discretion. We disagree. Here, the District Court justified the rates it chose by looking to how the NLRB calculated interest in the analogous context of back pay awards. *See New Horizons for the Retarded, Inc.*, 283 NLRB 1173, 1174 (1987) (requiring that interest on back pay awards should be "computed at the 'short-term Federal rate' for the underpayment of taxes" as assessed by the IRS). It also noted that the rates it selected were lower than those awarded by other district courts within the Second Circuit in analogous labor disputes. In other words, the District Court considered (a) the nature of the specific claims at issue, and (b) how analogous claims were treated in other settings. We see no abuse of discretion in this approach. *Cf. Jones*, 223 F.3d at 140 (vacating a pre-judgment interest rate because the District Court had relied solely on a case that bore "no obvious similarity" to the case at hand). Nor do we find any reason to think that these rates are not "fair and equitable," as the District Court believed them to be.

Because the District Court did not abuse its discretion, we have no occasion to consider the Railroad's suggestion that a different rate would have been more appropriate, nor need we address the Union's contention that the Railroad failed to make such arguments before the District Court.

For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

-3-