Lahtinen, J.P.
Appeal from an order and judgment of the Supreme Court (Rumsey, J.), entered June 24, 2014 in Tompkins County, which, among other things, granted petitioners’ application pursuant to Judiciary Law § 475 for counsel fees.
This appeal involves a dispute over counsel fees after *1120 petitioners (two law firms) successfully represented respondent and obtained a full recovery for him in federal court in an action under the Employee Retirement Income Security Act of 1974 (hereinafter ERISA). Respondent had agreed in written retainer agreements to pay petitioners the greater of court-awarded counsel fees or 33V3% of any recovery.[1] In the underlying federal action, the District Court granted respondent summary judgment on liability and scheduled a conference to set a “trial date on the issue of damages and attorney’s fees” (Brutvan v Cigna Life Ins. Co. of N.Y., 2013 WL 5439151, 2013 US Dist LEXIS 139057 [ND NY, Sept. 27, 2013, No. 5:12-CV-590 (MAD/DEP), D’Agostino, J.]). At such time respondent’s actual damages totaled $25,085, and, if interest at 9% had been awarded, then there is an additional award of $12,912, for a total of $37,997.[2] In addition, petitioners had expended $5,422.23 in costs and accrued hourly counsel fees totaling $68,684. Before trial, the parties negotiated a $95,000 settlement covering all claims.
Petitioners informed respondent that he would be paid $37,997 representing the total amount of his claim and interest, and that the balance would cover counsel fees and costs. Respondent contended that there had been no court-awarded counsel fees and, thus, petitioners should be paid $29,859.26 under the alternative percentage fee, and he should receive a net recovery (after deducting $5,422.23 for costs) of $59,718.51. The District Court refused to consider the fee dispute since the underlying case had settled and the parties were unable to agree, hence petitioners commenced this proceeding pursuant to Judiciary Law § 475. In a thorough and well-reasoned decision (44 Misc 3d 597 [2014]), Supreme Court determined that the District Court had effectively awarded counsel fees, which became part of the settlement, and therefore the court ordered $37,797 of the $95,000 settlement to respondent and the remainder to petitioners. Respondent appeals.
Respondent contends that the retainer language was ambigu *1121 ous and should have been construed against petitioners. “The general rule that ‘equivocal contracts will be construed against the drafters’ is subject to particularly rigorous enforcement in the context of attorney-client retainer agreements” (Albunio v City of New York, 23 NY3d 65, 71 [2014], quoting Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176 [1986]). Here, the pertinent retainer language considered in light of the relevant facts reveals no ambiguity. Petitioners were retained to pursue an ERISA action, where counsel fees may be recovered (see 29 USC § 1132 [g] [1]; Slupinski v First Unum Life Ins. Co., 554 F3d 38, 47 [2d Cir 2009]), and the statutory counsel fees provisions are “liberally construed” (Locher v Unum Life Ins. Co. of Am., 389 F3d 288, 298 [2d Cir 2004] [internal quotation marks and citations omitted]). Petitioners successfully obtained partial summary judgment, and the District Court unequivocally stated that a trial would be held on the issues of respondent’s damages and petitioners’ counsel fees. Respondent’s total damages — including interest — were $37,997, and petitioners’ counsel fees were $68,684. The federal action settled for $95,000 and the amount of the settlement above full and complete compensation (including interest) to respondent can only be rationally understood to consist of counsel fees that the District Court had made clear would be part of the award. Accordingly, we affirm.
McCarthy, Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

. Respondent originally retained petitioner Coughlin & Gerhart, LLP, and the attorney at that firm who handled the case was Carla McKain. During the litigation, McKain formed her own law firm, petitioner McKain Law, PLLC, and respondent continued with that firm. The relevant portions of the two firms’ retainer agreements used the same language.

. There are apparently some minor discrepancies regarding this amount. Also, whether to award any interest and, if so, the rate thereof were within the discretion of the District Court (see Jones v UNUM Life Ins. Co. of Am., 223 F3d 130, 139 [2d Cir 2000]). Although an unjust enrichment claim had also been asserted, as fully explained by Supreme Court, this was essentially interjected as a negotiating strategy and eventually its viability was undercut by case law.