19-1378-cv
City of Birmingham Ret. & Relief Sys. v. Davis

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

------------------------------------------------------------------

CITY OF BIRMINGHAM RETIREMENT AND
RELIEF SYSTEM, CITY OF BIRMINGHAM
FIREMEN'S AND POLICEMEN'S
SUPPLEMENTAL PENSION SYSTEM, ON
BEHALF OF THEMSELVES AND ALL OTHER
PERSONS SIMILARLY SITUATED,

*Lead Plaintiffs-Appellees,*

v.                                                          No. 19-1378-cv

JOHN W. DAVIS,

*Objector-Appellant.*[*]

--------------------------------------------------------------------

FOR APPELLANT:                 C. BENJAMIN NUTLEY, Pasadena, CA.

FOR APPELLEES:                 JOSEPH DAVID DALEY, Robbins Geller
                               Rudman & Dowd LLP, San Diego,
                               CA (Joseph Russello, Robbins Geller
                               Rudman & Dowd LLP, Melville, NY,
                               *on the brief*).

Appeal from an April 10, 2019 judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Objector-Appellant John W. Davis appeals from an award of attorneys' fees and expenses in this securities fraud class action, in which the parties reached a settlement agreement resulting in a $50 million Settlement Fund ("the Fund"). Following a hearing, the District Court (Buchwald, <u>J.</u>) overruled Davis's objection seeking to limit attorneys' fees to the unenhanced lodestar and awarded attorneys' fees as a percent of the Fund, plus $435,998.92 in expenses, and interest. We assume the parties' familiarity with the underlying facts and

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's fee award for abuse of discretion, reviewing de novo any questions of law. Fresno Cty. Emps.' Ret. Ass'n v. Isaacson/Weaver Family Tr., 925 F.3d 63, 67 (2d Cir. 2019). The deferential abuse-of-discretion standard takes on "special significance" in appeals of attorneys' fees because "[t]he district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47–48 (2d Cir. 2000) (quotation marks omitted).

On appeal, Davis's primary argument is that the District Court failed to apply any presumption in favor of using the unenhanced lodestar as a reasonable and adequate fee award. We reject this argument. The presumption in favor of the lodestar and the restrictions on lodestar multipliers that apply to fee awards made pursuant to fee-shifting statutes do not apply in common fund cases like this one. See Fresno Cty., 925 F.3d at 67–68. Under the common fund doctrine, district courts have discretion to apply either the lodestar method or the percentage-of-recovery method to calculate a reasonable

fee. Id. at 68; Goldberger, 209 F.3d at 45, 50. The District Court here used the percentage-of-recovery method, under which it had discretion to award a fee "less than, equal to, or greater than the lodestar," Fresno Cty., 925 F.3d at 68, based on its consideration of six factors: the time and labor expended by counsel; the complexity of the litigation; the risk of the litigation; the quality of representation; the fee requested in relation to the recovery under the settlement; and public policy, see Goldberger, 209 F.3d at 47, 50. Accordingly, the District Court was under no obligation to treat the unenhanced lodestar as the presumptive fee.[1]

Davis also argues that the District Court abused its discretion by failing to adequately state the reasons for its fee award. We reject this argument as well. Far from giving "no reasons" for its decision, Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000), the District Court held a fairness hearing during which it heard arguments about the fee request, provided its reasons for

---

[1] Davis argues that the more restrictive approach to lodestar multipliers under fee-shifting statutes should govern as a matter of public policy. That argument is foreclosed by our caselaw. See 4 Pillar Dynasty LLC v. N.Y. & Co., Inc., 933 F.3d 202, 211 n.8 (2d Cir. 2019) ("We are bound by the decision of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." (quotation marks omitted)).

4

rejecting Davis's objection, and issued a written fee order stating its conclusions with respect to the relevant factors.

Finally, Davis argues that the District Court exceeded its discretion in awarding the fee in this case based on the record. Davis does not contest, however, that the record included submissions detailing more than 10,000 hours expended by plaintiffs' counsel, a complicated procedural and factual history, difficult legal issues, and a settlement amount that was statistically above-average. On this record, we cannot say that the District Court exceeded its considerable discretion in awarding attorneys' fees. See Haley v. Pataki, 106 F.3d 478, 484 (2d Cir. 1997).

We have considered Davis's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court