SUMMARY ORDER
Respondent-Appellant the Long Island Railroad Company (“the Railroad”) appeals from the decision of the United States District Court for the Eastern District of New York (Irizarry, J.), which granted the petition of Petitioner-Appellee the Brotherhood of Locomotive Engineers and Trainmen (“the Union”) to enforce an award of Public Law Board 6846 (“PLB 6846”), an adjustment board created pursuant to the Railway Labor Act (“RLA”), 45 U.S.C. § 158. On appeal, the Railroad contends that (1) the District Court lacked subject matter jurisdiction over the dispute, (2) the District Court erred in granting prejudgment interest, and (3) the District Court erred in granting postjudgment interest. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
I. Subject Matter Jurisdiction
The Railroad contends that the District Court lacked subject matter jurisdiction because there was a dispute as to the interpretation of an award- — and hence that the adjustment board alone had jurisdiction. Specifically, the Railroad argues that PLB 6846’s order that it pay the Union for the claims it did not timely deny between 1998 and 2004 is ambiguous in that it does not address whether claims covered by several prior adjustment board awards are exempted. When evaluating a district court’s decision as to its subject matter jurisdiction, this Court reviews factual findings for clear error and legal conclusions de novo. Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir.2008) (per curiam).
“The arbitration procedures established by the Railway Labor Act are mandatory and provide the exclusive forum for the resolution of grievances and for the interpretation of contracts under that Act.” Baylis v. Marriott Corp., 843 F.2d 658, 662 (2d Cir.1988). It follows that jurisdiction over a dispute concerning an “interpretation of the terms of a collective bargaining contract ... lies exclusively with the appropriate Adjustment Board.... Jurisdiction of federal courts in [these matters] is restricted to limited review of the decisions of the Adjustment Board.” Id.; see also Bhd. of Maintenance of Way Employees v. Burlington Northern R.R. Co., 24 F.3d 937, 938 (7th Cir.1994) (“[Disagreement about the meaning of an [adjustment board] award amounts to disagreement about the meaning of the underlying collective bargaining agreement. Under the RLA such disagreements are ‘minor disputes’ that the parties and the Board must resolve without judicial aid or interference.”). Hence, while a district court may enforce an adjustment board award, 45 U.S.C. § 153(p), it does not have jurisdiction to review a dispute over the interpretation of an award.
But here, as the District Court found, the Railroad has attempted to manufacture a dispute about the interpretation of the award when in fact the award is unambiguous and not subject to its proposed alter *730 native interpretation. PLB 6846, acting pursuant to the provisions of the collective bargaining agreement, ordered the Railroad to pay all claims filed between 1998 and 2004 that it had not timely denied. The Railroad did not argue before PLB 6846 that claims covered by prior awards should be exempted, and indeed there is no evidence that PLB 6846 even considered the significance of these prior awards. We reject the Railroad’s attempt to create ambiguity when in fact none exists, and find that the District Court appropriately exercised its jurisdiction to enforce the award. Accordingly, the judgment of the District Court enforcing the award of PLB 6846 is AFFIRMED.
II. Prejudgment Interest
As to the issue of prejudgment interest, the Railroad argues that (1) the District Court did not have the authority to grant prejudgment interest and, assuming that it had such authority, (2) the District Court abused its discretion in setting the rate of prejudgment interest. Although the RLA does not explicitly provide for prejudgment interest and the adjustment board did not grant prejudgment interest, that does not mean that the Distl’ict Court lacked the authority to award such interest. “[Wjhether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts.” Waterside Ocean Navigation Co. v. Int’l Navigation Ltd., 737 F.2d 150, 153 (2d Cir.1984) (internal quotation marks omitted). “Consistent with this general principle, we have repeatedly recognized the power of district courts to award prejudgment interest.” Id. Moreover, none of the factors present when this Court has disallowed prejudgment interest are relevant in this case. See Wickham Contracting Co. v. Local Union No. 3, Int’l Bhd. of Electrical Workers, 955 F.2d 831, 834-36 (2d Cir.1992) (collecting cases). Accordingly, it was within the District Court’s discretion to grant prejudgment interest in this RLA enforcement action based on “(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.” Id. at 834.
Furthermore, the fact that PLB 6846 did not grant prejudgment interest does not preclude the District Court from exercising its authority to do so. The adjustment board may well have assumed that the Railroad would comply with its order. But given the Railroad’s failure to do so, it was within the District Court’s authority in enforcing the action to require the payment of postaward prejudgment interest.
It is, however, unclear whether the District Court erred in setting the start date from which post-award prejudgment interest was to accrue. The Court ordered prejudgment interest from August 25, 2006. But PLB 6846’s order was entered on August 18, 2006, and provided that the Railroad had thirty days to comply. It would, therefore, seem — absent other explanation from the District Court — that post-award prejudgment interest should begin to accrue thirty days after PLB 6846’s order, and that August 25, 2006 is premature. Upon remand, the District Court should reconsider, and if appropriate explain, the date from which post-award prejudgment interest should be paid.
Additionally, remand is required because the District Court failed to explain its reasoning for setting the prejudgment interest rate. On appeal, the Railroad ar *731 gues that the District Court should have used the postjudgment interest rate pursuant to 28 U.S.C. § 1961(a). We have held that “[t]he suitability of that postjudgment rate for an award of prejudgment interest will depend on the circumstances of the individual case, and the court need not limit the award of prejudgment interest to the rate at which the injured party would have lent money to the government.” Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir.2000). That said, the District Court did not explain its reasoning in setting the prejudgment interest rate, and we, of course, adhere to that holding, leaving us unable to review the soundness of the District Court’s discretion. Accordingly, while we conclude that the District Court had the authority and was within its discretion in granting prejudgment interest, we nonetheless VACATE the award of interest and REMAND to the District Court to reconsider the date from which prejudgment interest should begin to accrue and to explain its decision in selecting the prejudgment interest rate.
III. Postjudgment Interest
Lastly, the Railroad contends that the District Court lacked the authority to grant postjudgment interest pursuant to 28 U.S.C. § 1961(a). As this argument was not raised below, it has been forfeited. Moreover, had it been raised, the contentions would fail for reasons analogous to those given above concerning prejudgment interest. We conclude, finally, that the District Court’s award provided for a clear calculation of the amount of damages that could be “ ‘ascertained’ in [a] meaningful way” at the time of its decision. Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 836, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). Its decision as to postjudgment interest is AFFIRMED.
We have considered all of Appellant’s other claims, and we find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED in part, and VACATED and REMANDED in part, pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994), for the limited purpose of allowing the District Court to reconsider and explain its decision in selecting the prejudgment interest rate and start date. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case.